**UNITED STATES of America,**
**Appellee,**

v.

**Ramse THOMAS, Defendant–Appellant.**

**Docket No. 98–1051.**

United States Court of Appeals,
Second Circuit.

On remand from the Supreme
Court: Jan. 8, 2001.

Argued June 27, 2001.

Decided Dec. 12, 2001.

---

Michael R. Dreeben, Deputy Solicitor General, Department of Justice (Barbara D. Underwood, Office of the Solicitor General, Department of Justice; Barbara D. Cottrell, Assistant United States Attorney, Northern District of New York; Christine H. Chung, Baruch Weiss, Assistant United States Attorneys, Southern District of New York; Peter A. Norling, Assistant United States Attorney, Eastern District of New York; Nina Goodman, United States Department of Justice; Joseph A. Pavone, United States Attorney, Northern District of New York; Mary Jo White, United States Attorney, Southern District of New York; Alan Vinegrad, United States Attorney, Eastern District of New York; Kathleen Mehltretter, United States Attorney, Western District of New York; John A. Danaher III, United States Attorney, District of Connecticut; David V. Kirby, United States Attorney, District of Vermont, on the brief), for Appellee.

L. John Van Norden, Schenectady, NY, for Defendant–Appellant.

Colleen P. Cassidy, Leonard F. Joy, Legal Aid Society, Federal Defender Division, New York, NY; Thomas G. Dennis, Federal Public Defender, District of Connecticut; William G. Clauss, Federal Public Defender, Western District of New York; Alexander Bunin, Federal Public Defender, Northern District of New York and Vermont, for Amicus Curiae Federal Public Defenders.

John P. Cooney, Jr., Joseph F. Warganz, Jr., Lorilee A. Vaughan, Jill S. Mahonchak, Davis Polk & Wardwell; Thomas E. Engel, Engel & McCarney; Mark F. Pomerantz, Paul, Weiss, Rifkind, Wharton & Garrison, New York, NY, for Amicus Curiae Federal Bar Council.

Peter Goldberger, Ardmore, PA; Clayton A. Sweeney, Jr., Philadelphia, PA; Joshua L. Dratel, New York, NY; Mary Price, FAMM Foundation, Washington,

DC; Roger L. Stavis, Stavis & Kornfeld, New York, NY, for Amici Curiae National Association of Criminal Defense Lawyers, New York State Association of Criminal Defense Lawyers, New York Criminal Bar Association, and Families Against Mandatory Minimums Foundation.

John K. Carroll, Laura M. Bergamini, Clifford Chance Rogers & Wells LLP; Richard A. Greenberg, Karl E. Pflanz, Newman & Greenberg; Victor J. Rocco, New York, NY, for Amicus Curiae New York Council of Defense Lawyers.

Roy S. Ward, Philip Russell, P.C., Greenwich, CT; Conrad Seifert, Seifert & Hogan, Old Lyme, CT, for Amicus Curiae The Connecticut Criminal Defense Lawyers Association.

Before WALKER, Chief Judge, KEARSE, JACOBS, LEVAL, CALABRESI, CABRANES, F.I. PARKER, STRAUB, POOLER, SACK, SOTOMAYOR, and KATZMANN, Circuit Judges.

JOSÉ A. CABRANES, Circuit Judge:

The question presented is whether, in light of the United States Supreme Court's decision in *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), and our Circuit's decision in *United States v. Tran*, 234 F.3d 798 (2d Cir.2000), the District Judge was empowered to impose on defendant Ramse Thomas a sentence beyond the otherwise applicable statutory maximum based on his findings, under a preponderance of the evidence standard, concerning the quantity of drugs involved in Thomas's offense when the indictment made no mention of quantity and the questions of quantity was not presented to the jury.

■ On remand from the Supreme Court, *Thomas v. United States*, 531 U.S.

1062, 121 S.Ct. 749, 148 L.Ed.2d 653 (2001), we consider the appeal of defendant Ramse Thomas from a January 15, 1998, judgment of the United States District Court for the Northern District of New York (Thomas J. McAvoy, *then Chief Judge*), convicting him, following a jury trial, of conspiring to distribute and possess with intent to distribute cocaine and cocaine base ("crack cocaine") in violation of 21 U.S.C. § 846, and sentencing him pursuant to 21 U.S.C. § 841(b)(1)(A) principally to imprisonment for 292 months. Thomas claims that his enhanced sentence, based on Judge McAvoy's findings that Thomas's crime involved 12 kilograms of cocaine and 1.2 kilograms of crack cocaine, violates the teachings of *Apprendi*. Thomas also challenges his underlying conviction, arguing that "[t]he entire process by which [he] was charged, twice tried and convicted and twice sentenced is permeated through and through with constitutional error." We find no merit in the unsupported suggestion-and it is only a suggestion-that the verdict returned by the jury on the charge of conspiracy to distribute and possess with intent to distribute an unspecified amount of cocaine and cocaine base (that is, the crime charged in the indictment) was erroneous or based on any error in the prior proceedings. We have reviewed all of Thomas's arguments and find that there is no colorable constitutional basis for the instant appeal other than the effect on Thomas's enhanced sentence of *Apprendi*, a Supreme Court decision published more than two years after the District Court entered the judgment of conviction.[1]

*Apprendi* held that, "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must

---

1. Because this is a direct appeal, *Apprendi* applies retroactively to Thomas's 1998 conviction. *See Griffith v. Kentucky*, 479 U.S. 314, 321–23, 107 S.Ct. 708, 93 L.Ed.2d 649 (1987).

be submitted to a jury, and proved beyond a reasonable doubt." 530 U.S. at 490, 120 S.Ct. 2348. We conclude, following *Apprendi's* teachings, that if the type and quantity of drugs involved in a charged crime may be used to impose a sentence above the statutory maximum for an indeterminate quantity of drugs,[2] then the type and quantity of drugs is an element of the offense that must be charged in the indictment and submitted to the jury.[3] We further conclude, overruling *United States v. Tran*, 234 F.3d 798, 806 (2d Cir.2000), that the failure either to charge drug type and quantity in the indictment or to submit the question of drug type and quantity to the jury is subject to plain error review pursuant to Fed.R.Crim.P. 52(b) when the defendant raised no objection before the District Court. Applying plain error review to the particular facts of this case, we conclude that the District Court erred, that the error was plain, that the error affected the defendant's substantial rights, and that the error seriously affected the fairness and the public reputation of judicial proceedings. We therefore vacate Thomas's sentence and remand for further proceedings consistent with this opinion.

## I.

We have considered the facts underlying this appeal twice before, and we assume familiarity with our prior opinions. *See United States v. Thomas*, 116 F.3d 606 (2d

Cir.1997) (*"Thomas I"*); *United States v. Thomas*, 204 F.3d 381 (2d Cir.2000) (*"Thomas II"*). The facts relevant to the instant appeal are as follows: In 1994, a grand jury in the Northern District of New York returned an indictment charging, *inter alia*, that defendant Ramse Thomas and others "did knowingly, willfully and unlawfully combine, conspire, confederate and agree among themselves and with others, to possess with intent to distribute and to distribute a quantity of cocaine, a Schedule II controlled substance and a quantity of cocaine base, also known as 'crack' cocaine, a Schedule II controlled substance, in violation of Title 21, United States Code, § 841(a)(1). In violation of Title 21, United States Code, § 846."[4] Superseding Indictment filed Oct. 14, 1994, at 1–2. Handed down nearly six years before the Supreme Court's decision in *Apprendi*, the indictment does not allege that the charged crimes involved any particular quantity of drugs.

Thomas and his co-defendants were convicted, following a jury trial, on February 27, 1995. *Thomas I*, 116 F.3d at 612. They appealed, and we vacated their convictions and remanded the case for retrial based on the District Court's improper dismissal of a juror. *Id.* at 625. In January 1998, following a second jury trial, Thomas was again convicted of the conspiracy charge. *Thomas II*, 204 F.3d at 382.

2. The various subsections of 21 U.S.C. § 841(b) stipulate different maximum statutory sentences depending on the amount and type of drugs involved in a crime. In the instant case, however, we refer to the "statutory maximum" to denote the maximum sentence, *i.e.*, twenty years, permitted by § 841(b)(1)(C), the subsection that prescribes the penalty for a crime involving an *unspecified* amount of cocaine or crack.

3. Because the principle of *Apprendi* requires quantity to be charged in the indictment and found by a jury only in cases where the quan-

tity results in a punishment above a statutory maximum, the constitutional requirement to include quantity in an indictment and to have the jury find quantity as an element of a narcotics offense will arise only in cases where the Government will seek a sentence above a statutory maximum in the event of a conviction.

4. The indictment also alleged in two counts that Thomas distributed cocaine, in violation of 21 U.S.C. § 841(a)(1). Thomas was acquitted of these distribution counts.

In conformity with standard practices adopted by district courts following the promulgation of the U.S. Sentencing Guidelines, the Presentence Report on Thomas prepared by the United States Probation Office recommended that the sentencing judge enter certain findings regarding the quantities of narcotics attributable to Thomas: 24.479 kilograms of cocaine and 1.826 kilograms of crack cocaine. Having considered the record before him, Judge McAvoy entered findings that held Thomas responsible for considerably smaller quantities than those recommended by the Probation Office—12 kilograms of cocaine and 1.2 kilograms of crack cocaine. Sentences for conspiracy under 21 U.S.C. § 846 are governed by the sentencing provisions of the statute the violation of which is the object of the conspiracy, in this case 21 U.S.C. § 841.[5] Under 21 U.S.C. § 841(b)(1)(A), a finding of the involvement of 12 kilograms of cocaine and 1.2 kilograms of crack cocaine in the offense resulted in a sentencing range of imprisonment of ten years to life.[6] By contrast, had Judge McAvoy not made findings concerning drug quantity, § 841(b)(1)(C) would have imposed a statutory maximum term of imprisonment of twenty years for an offense involving an unspecified quantity of cocaine or crack cocaine.[7] Pursuant to the Sentencing Guidelines, Judge McAvoy identified a sentencing range of imprisonment of 292 to 365 months. On January 15, 1998, he sentenced Thomas principally to imprisonment for 292 months.

In a second appeal to this Court, Thomas and two of his co-defendants argued, *inter alia*, that *Jones v. United States*, 526 U.S. 227, 119 S.Ct. 1215, 143 L.Ed.2d 311 (1999), mandated the reversal of their convictions because it rendered the quantity of drugs involved in their crimes an issue of fact that increased the maximum penalty for their crimes and, therefore, quantity had to be charged in the indictment, submitted to a jury, and proved beyond a reasonable doubt. *Thomas II*, 204 F.3d at 383. Our opinion, filed on February 14, 2000, rejected this argument. *See id.* at 384. In *Jones*, the Supreme Court interpreted a federal carjacking statute and held that the facts of serious bodily harm or death constitute elements of the offense, not mere sentencing factors, and thus must be charged in the indictment, submitted to the jury, and proved beyond a reasonable doubt. 526 U.S. at 239, 252, 119 S.Ct. 1215. In *Thomas II*, we held that *Jones* applied only to the particular statute interpreted in the case and did not, generally, "rewrite the law regarding what facts must be determined by a jury rather than a judge." *Thomas II*, 204 F.3d at 384. We thus joined every other circuit that had considered the question in holding that,

---

**5.** Title 21, section 846 of the United States Code provides that "[a]ny person who attempts or conspires to commit any offense defined in this subchapter shall be subject to the same penalties as those prescribed for the offense, the commission of which was the object of the attempt or conspiracy."

**6.** Title 21, section 841(b) of the United States Code states, in relevant part, that "any person who violates subsection (a) of this section shall be sentenced as follows: (1)(A) In the case of a violation of subsection (a) of this section involving ... (ii) 5 kilograms or more of a mixture or substance containing a detect-able amount of ... cocaine ... [or] (iii) 50 grams or more of a mixture or substance described in clause (ii) which contains cocaine base ... such person shall be sentenced to a term of imprisonment which may not be less than 10 years or more than life."

**7.** Title 21, section 841(b)(1)(C) of the United States Code provides, in relevant part, that "[i]n the case of a controlled substance in schedule I or II, ... except as provided in subparagraphs (A), (B), and (D), such person shall be sentenced to a term of imprisonment of not more than 20 years...."

after *Jones,* drug quantity remained a sentencing factor to be determined by the district judge, not an element of the offense to be proved by the prosecutor beyond a reasonable doubt and found by the jury. *Id.* (collecting cases from other circuits).

Following our decision in *Thomas II,* however, the Supreme Court held in *Apprendi* that, "[o]ther than the fact of a prior conviction, *any fact* that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." 530 U.S. at 490, 120 S.Ct. 2348 (emphasis added). The Supreme Court then granted Thomas's petition for a writ of certiorari and remanded this case to us for further consideration in light of *Apprendi.* *Thomas v. United States,* 531 U.S. 1062, 121 S.Ct. 749, 148 L.Ed.2d 653 (2001).[8]

## II.

In *Apprendi,* the Supreme Court heard a challenge to an enhanced sentence imposed pursuant to New Jersey's hate crime law following a state criminal conviction. Defendant Charles C. Apprendi, Jr., who fired several bullets into the home of an African American family that had recently moved into a previously all-white New Jersey neighborhood, pleaded guilty, *inter alia,* to state charges of possession of a firearm for an unlawful purpose. *Apprendi,* 530 U.S. at 469–70, 120 S.Ct. 2348. At sentencing, the New Jersey Superior Court judge who accepted Apprendi's guilty plea found by a preponderance of the evidence "that the crime was motivated by racial bias" and, pursuant to New Jersey's hate crime law, enhanced Apprendi's sentence for possession of a firearm above the statutory maximum prescribed by the firearm possession law. *See id* at 470–71, 120 S.Ct. 2348 (internal quotation marks omitted).

The New Jersey Supreme Court affirmed the sentence, and the United States Supreme Court reversed. *Id.* at 473–74, 120 S.Ct. 2348. The Supreme Court noted that in *Jones,* it had held that "under the Due Process Clause of the Fifth Amendment and the notice and jury trial guarantees of the Sixth Amendment, any fact (other than prior conviction) that increases the maximum penalty for a [federal] crime must be charged in an indictment, submitted to a jury, and proven beyond a reasonable doubt." *Apprendi,* 530 U.S. at 476, 120 S.Ct. 2348 (quoting *Jones,* 526 U.S. at 243 n. 6, 119 S.Ct. 1215) (internal quotation marks omitted). Applying this reasoning, the Court held in *Apprendi* that "[t]he Fourteenth Amendment commands the same answer in [a] case involving a state statute," *id.,* and thus concluded that, "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt," *id.* at 490, 120 S.Ct. 2348.

In the instant appeal, Thomas contends that *Apprendi* renders his sentence unconstitutional since the quantity of drugs found by the District Court to have been involved in his offense, which raised his sentence above the twenty-year statutory

---

**8.** The Supreme Court denied co-defendants Grady Thomas's and Jason Thomas's petitions for writs of certiorari. *Thomas v. United States,* 531 U.S. 1069, 121 S.Ct. 756, 148 L.Ed.2d 659 (2001). Both Grady Thomas and Jason Thomas were convicted with Ramse Thomas of violating 21 U.S.C. § 846, and, based on the District Court's findings concerning the quantities of drugs involved in their individual crimes, were sentenced principally to imprisonment for 168 months and 170 months, respectively. *Thomas II,* 204 F.3d at 382. We note that in these cases the defendants' sentences were *below* the twenty-year statutory maximum of 21 U.S.C. § 841(b)(1)(C).

maximum prescribed in 21 U.S.C. § 841(b)(1)(C), should have been charged in his indictment, submitted to a jury, and proved by the Government beyond a reasonable doubt.

■ We are not the first Court of Appeals to consider whether, after *Apprendi*, defendants may be subjected to an enhanced sentence—that is, a sentence beyond the maximum established by 21 U.S.C. § 841(b)(1)(C)-based on drug quantity, as provided in 21 U.S.C. § 841(b), without the Government charging those facts in the indictment and proving them to a jury beyond a reasonable doubt. As the Supreme Court noted in *Jones*, "[m]uch turns on the determination that a fact is an element of an offense rather than a sentencing consideration, given that elements must be charged in the indictment, submitted to a jury, and proven by the Government beyond a reasonable doubt." *Jones*, 526 U.S. at 232, 119 S.Ct. 1215. We hold that, pursuant to the Supreme Court's instructions in *Apprendi*, because the quantity of drugs involved in a crime may raise a defendant's sentence above the statutory maximum established in 21 U .S.C. § 841(b)(1)(C), quantity is an element of the offense charged under 21 U.S.C. § 841. We therefore join the majority of the other circuits that have already considered this question and conclude that it is error for a court to "enhance" a defendant's sentence above a statutory maximum based on drug quantity if the Government has not charged drug quantity in the indictment and proved it to a jury beyond a reasonable doubt. *See, e.g., United States v. Prom-*

*ise*, 255 F.3d 150, 156–57 & n. 6 (4th Cir.2001) (*en banc*), *petition for cert. filed*, No. 01–6398 (U.S. Sept. 20, 2001); *United States v. Strayhorn*, 250 F.3d 462, 468 (6th Cir.2001); *United States v. Fields*, 242 F.3d 393, 395 (D.C.Cir.), *clarified on reh'g*, 251 F.3d 1041 (D.C.Cir. 2001); *United States v. Hishaw*, 235 F.3d 565, 574–75 (10th Cir.2000), *cert. denied* —— .U.S. ——, 121 S.Ct. 2254, 150 L.Ed.2d 241 (2001); *United States v. Doggett*, 230 F.3d 160, 164–65 (5th Cir.2000), *cert. denied*, 531 U.S. 1177, 121 S.Ct. 1152, 148 L.Ed.2d 1014 (2001); *United States v. Rogers*, 228 F.3d 1318, 1327 (11th Cir.2000), *abrogated on other grounds by United States v. Sanchez*, 269 F.3d 1250 (11th Cir.2001) (*en banc*); *United States v. Nordby*, 225 F.3d 1053, 1058–59 (9th Cir.2000). *But see United States v. Bjorkman*, 270 F.3d 482, 492 (7th Cir.2001) (stating that drug quantity is "not an 'element' of the § 841 offense in the strong sense"). *Apprendi*, therefore, overrules our Circuit precedents, *see, e.g., Thomas II*, 204 F.3d at 384; *United States v. Monk*, 15 F.3d 25, 27 (2d Cir. 1994); *United States v. Campuzano*, 905 F.2d 677, 679 (2d Cir.1990), insofar as they held that, under 21 U.S.C. § 841, drug quantity resulting in a sentence above a statutory maximum constituted a sentencing factor, not an element of the offense.

■ Our holding that drug quantity is an element of a § 841 offense does not preclude a district court from considering drug quantity in determining a defendant's relevant conduct for sentencing purposes pursuant to U.S.S.G. § 1B1.3(a)[9] in cases where quantity is not charged in the in-

---

9. Section 1B1.3(a) of the Sentencing Guidelines, entitled "Relevant Conduct," provides, in relevant part:

Unless otherwise specified, (i) the base offense level where the guideline specifies more than one base offense level, (ii) specific offense characteristics and (iii) cross references in Chapter Two, and (iv) adjust-

ments in Chapter Three, shall be determined on the basis of the following:

(1) (A) *all acts and omissions* committed, aided, abetted, counseled, commanded, induced, procured, or willfully caused by the defendant; and
(B) in the case of a jointly undertaken criminal activity (a criminal plan, scheme, endeavor, or enterprise undertaken by the de-

dictment or found by the jury, so long as the resulting sentence does not exceed the statutory maximum. *See United States v. White*, 240 F.3d 127, 135–36 (2d Cir.2001); *cf. United States v. Garcia*, 240 F.3d 180, 183 (2d Cir.) ("We see nothing in the [Supreme] Court's holding in *Apprendi* or its explication of the holding that alters a sentencing judge's traditional authority to determine those facts relevant to selection of an appropriate sentence within the statutory maximum ...."), *cert. denied,* —— U.S. ——, 121 S.Ct. 2615, 150 L.Ed.2d 769 (2001). The constitutional rule of *Apprendi* does not apply where the sentence imposed is not greater than the prescribed statutory maximum for the offense of conviction. *See United States v. McLeod*, 251 F.3d 78, 82 (2d Cir.), *cert. denied,* —— U.S. ——, 122 S.Ct. 304, —— L.Ed.2d —— (2001).

### III.

Inasmuch as Thomas's indictment omitted an element of the offense for which he was sentenced—*i.e.*, the involvement of "5 kilograms or more of a mixture or substance containing ... cocaine ... [or] 50 grams or more of a mixture or substance ... which contains cocaine base," 21 U.S.C. § 841(b)(1)(A)—we turn next to the question of whether this error constituted a "jurisdictional" defect not subject to plain error review. That question was recently answered in the affirmative by a panel of this Court in *United States v. Tran*, 234 F.3d 798 (2d Cir.2000). We conclude, contrary to the reasoning of the panel in *Tran*, that where a federal defendant is sentenced for a crime not fully alleged in the indictment in that the allegations in the indictment charge a lesser-included offense of the crime for which the sentence was imposed, the error is not "jurisdictional" and is, therefore, subject to plain error review pursuant to Fed. R.Crim.P. 52(b).

In *Tran*, we applied *Castillo v. United States*, 530 U.S. 120, 120 S.Ct. 2090, 147 L.Ed.2d 94 (2000), to a defendant's challenge to his indictment. 234 F.3d at 802. In *Castillo*, the Supreme Court held that the type of firearm used or carried in violation of the then-existing version of 18 U.S.C. § 924(c) constituted an element of the offense, which must be charged in the indictment, submitted to a jury, and proved beyond a reasonable doubt, and not a "sentencing factor" to be considered after conviction. 530 U.S. at 121, 123–24, 131, 120 S.Ct. 2090. That version of 18 U.S.C. § 924(c) provided for a mandatory consecutive term of imprisonment of five years if any firearm was involved, or of ten or thirty years if specific types of firearms were involved. *See* 18 U.S.C. § 924(c)(1) (1988 ed. Supp. V) (quoted in *Castillo*, 530 U.S. at 122, 120 S.Ct. 2090).[10] In *Tran*,

fendant in concert with others, whether or not charged as a conspiracy), *all reasonably foreseeable acts and omissions of others* in furtherance of the jointly undertaken criminal activity,

that occurred during the commission of the offense of conviction, in preparation for that offense, or in the course of attempting to avoid detection or responsibility for that offense.

(Emphasis added). Application note 1 to section 1B1.3 explains that:

The principles and limits of sentencing accountability under this guideline are not always the same as the principles and limits of criminal liability. *Under subsections (a)(1) and (a)(2), the focus is on the specific acts and omissions for which the defendant is to be held accountable in determining the applicable guideline range, rather than on whether the defendant is criminally liable for an offense as a principal, accomplice, or conspirator.*

(Emphasis added).

10. Although it has since been amended, at the time of the trial at issue in *Castillo*, 18 U.S.C. § 924(c)(1) read in relevant part:

Whoever, during and in relation to any crime of violence ..., uses or carries a firearm, shall, in addition to the punishment provided for such crime of violence

the defendants pleaded guilty to, *inter alia*, using or carrying firearms, or aiding and abetting the use or carrying of firearms, during a crime of violence, in violation of 18 U.S.C. § 924(c). 234 F.3d at 803. Although the type of firearm they used was not specified in the indictment, the district judge found that they had used a short-barreled rifle, and sentenced each of them to a consecutive ten-year term of imprisonment rather than the consecutive five-year term prescribed by the statute for use of an unspecified "firearm." *Id.* at 801–02, 804–05.

On appeal to this Court, the defendants in *Tran* argued, *inter alia*, that, following *Castillo*, their indictments were defective and, thus, that the District Court did not have jurisdiction to sentence them for anything more than the simple firearm offense. *Id.* at 801–02, 805–06. The panel agreed. It held that "[w]here an indictment fails to allege each material element of the offense, it fails to charge that offense." *Id.* at 806. Moreover, it rejected the Government's contention that we should review the defect for plain error[11] because, when a "defect is jurisdictional, it cannot be cured by the absence of prejudice to the defendant," *id.* at 809, and an appellate court "*must* notice and correct the error," *id.* at 807 (emphasis in original). In so holding, the panel explicitly rejected the reasoning of appellate courts that had applied plain error review to analogous situations in which district courts failed to submit an element of the crime to the jury. *Id.* at 809 n. 2 (rejecting the reasoning in *United States v. Mojica-Baez*, 229 F.3d 292, 309–11 (1st Cir.2000),

*cert. denied*, —— U.S. ——, 121 S.Ct. 2215, 150 L.Ed.2d 209 (2001), where the First Circuit acknowledged the indictment's failure to specify the type of firearm in a § 924(c) count but, nonetheless, applied plain error review because it felt "compelled" to do so under *Neder v. United States*, 527 U.S. 1, 9, 119 S.Ct. 1827, 144 L.Ed.2d 35 (1999)). The *Tran* panel concluded that "the prosecution does not have jurisdiction to prosecute a defendant, and the district court does not have jurisdiction to try, convict, or sentence a defendant, for any offense other than the one charged in the indictment." *Tran*, 234 F.3d at 808. Thus, "[i]f the district court acts beyond its jurisdiction by trying, accepting a guilty plea from, convicting, or sentencing a defendant for an offense not charged in the indictment, this Court *must* notice such error and act accordingly to correct it, regardless of whether the defendant has raised the issue." *Id.* at 809 (emphasis added).

We do not read *Tran* as suggesting by its use of the word "jurisdiction" a complete lack of competent judicial authority in that case. Rather, the panel held that the scope of the District Court's power to sentence the defendant in that case was constrained by the indictment. *Id.* Therefore, the District Court in *Tran* exceeded its power by sentencing the defendants to a mandatory ten-year consecutive sentence for the offense of using *a short-barreled rifle* while committing a crime of violence or drug trafficking crime, because the § 924(c) count of the indictment charged only the lesser-included offense of using "a

---

..., be sentenced to imprisonment for five years, and if the firearm is a short barreled rifle [or a] short-barreled shotgun to imprisonment for ten years, and if the firearm is a machinegun, or a destructive device, or is equipped with a firearm silencer or firearm muffler, to imprisonment for thirty years.

18 U.S.C. § 924(c)(1) (1988 ed. Supp. V) (quoted in *Castillo*, 530 U.S. at 122, 120 S.Ct. 2090) (alteration in original).

**11.** "Plain errors or defects affecting substantial rights may be noticed although they were not brought to the attention of the court ." Fed.R.Crim.P. 52(b).

firearm," for which the penalty is a mandatory five-year consecutive sentence. *Id.* at 808–09, 810. There was no suggestion in *Tran* that the District Court lacked the power to convict and sentence the defendants for a federal crime actually charged in the indictment; indeed, the *Tran* panel did not disturb the convictions for violation of § 924(c) and simply remanded the cases for resentencing for the "firearm" offense. *Id.* at 809–10, 814.

■ We conclude that, under these circumstances, the panel erred in holding that the defect in the § 924(c) count in the indictments was not subject to plain error review pursuant to Fed.R.Crim.P. 52(b). *See id.* at 806–07. We have previously held that a defendant's claim that he has been *convicted* of a crime other than one charged in the indictment is subject to plain error review if asserted for the first time on appeal. *See, e.g., United States v. Writers & Research, Inc.,* 113 F.3d 8, 12–13 (2d Cir.1997). Similarly, we have applied plain error review when an error might have resulted in an improper *sentence. See United States v. Martinez–Rios,* 143 F.3d 662, 675–76 (2d Cir.1998) (holding that an arithmetical error that increased a defendant's base offense level pursuant to the Sentencing Guidelines affected his substantial rights). We see no reason for applying another rule to the error in *Tran. Cf. Johnson v. United States,* 520 U.S. 461, 466, 117 S.Ct. 1544, 137 L.Ed.2d 718 (1997) (cautioning against "the creation out of whole cloth of an exception" to Rule 52). We therefore hold, contrary to *Tran,* that a defendant's claim that he was sentenced for a crime not fully alleged in the indictment, in that the alle-

gations in the indictment charged a lesser-included offense of the crime for which the sentence was imposed, is a claim of error that is subject to plain error review pursuant to Fed.R.Crim.P. 52(b) when asserted for the first time on appeal. Accordingly, we now turn to the application of the plain error standard to the facts of this case.

## IV.

■ Although Thomas objected at his January 15, 1998, sentencing hearing to the evidentiary standard used by the District Court to determine the quantity of drugs involved in his crime, he did not object to his sentence on the grounds that drug quantity was neither pleaded in the indictment nor submitted to the jury.[12] Accordingly, we review his claim for plain error pursuant to Fed.R.Crim.P. 52(b). *Cf. United States v. Vasquez,* 267 F.3d 79, 86–87 (2d Cir.2001) (where defendant objected to the charge below on the basis that it included the word "cocaine" in a heroin trafficking case, the newly presented claim that the charge did not include an element of the crime was subject to plain error review); *United States v. DiPaolo,* 804 F.2d 225, 230 (2d Cir.1986) (where defendants sought at trial to cross-examine a witness regarding a drinking problem and were forbidden to do so, the claim that they should have been able to cross-examine the witness regarding a mental illness was not preserved for appeal); *United States v. Mennuti,* 679 F.2d 1032, 1036 (2d Cir.1982) (where defendant unsuccessfully sought to bar cross-examination pursuant to Fed.R.Evid. 403, the claim that cross-examination should have been barred pur-

---

**12.** Even if we were to construe Thomas's objection to the District Court's use of a preponderance-of-the-evidence standard as preserving a claim related to the standard of review distinct from the (unpreserved) claim related to the failure to submit the question of quanti-

ty to the jury—which we do not—it would be unnecessary for us to decide whether the use of a preponderance-of-the-evidence standard to determine drug quantity by itself constituted reversible error in this case, because our disposition requires resentencing anyway.

suant to Fed.R.Evid. 608 was not preserved for appeal).

▓ The framework of the analysis for plain error pursuant to Rule 52(b) is the four-pronged test set forth in *United States v. Olano,* 507 U.S. 725, 732, 113 S.Ct. 1770, 123 L.Ed.2d 508 (1993). "[B]efore an appellate court can correct an error not raised at trial, there must be (1) error, (2) that is plain, and (3) that affect[s] substantial rights." *Johnson v. United States,* 520 U.S. 461, 466–67, 117 S.Ct. 1544, 137 L.Ed.2d 718 (1997) (quoting *Olano,* 507 U.S. at 732, 113 S.Ct. 1770) (internal quotation marks omitted) (alteration in original). "If all three conditions are met, an appellate court may then exercise its discretion to notice a forfeited error, but only if (4) the error seriously affect[s] the fairness, integrity, or public reputation of judicial proceedings." *Id.* at 467, 117 S.Ct. 1544 (quoting *Olano,* 507 U.S. at 732, 113 S.Ct. 1770) (internal quotation marks omitted) (alteration in original). We address each prong of the *Olano* test in turn.

## A.

### Was there error?

▓ In the case before us, Thomas's indictment alleged that he conspired to commit acts constituting a violation of § 841(b)(1)(C), and the jury found that he had, in fact, conspired to commit those acts. The jury was not asked to consider the quantity of the drugs involved. Judge McAvoy sentenced Thomas, pursuant to 21 U.S.C. § 841(b)(1)(A), to imprisonment for 292 months based on his own findings, by a preponderance of the evidence, that Thomas's crime involved 12 kilograms of cocaine and 1.2 kilograms of cocaine base. These factual findings raised Thomas's sentence above the twenty-year statutory maximum prescribed by § 841(b)(1)(C)—the provision applicable to the crime as alleged in the indictment, *i.e.,* a crime involving an unspecified quantity. Under *Apprendi,* therefore, the quantity of drugs involved in Thomas's crime constituted a "fact that increases the penalty for a crime beyond the prescribed statutory maximum," *Apprendi,* 530 U.S. at 490, 120 S.Ct. 2348, and, thus, constituted an element of the offense that should have been charged in the indictment, submitted to the jury, and proved beyond a reasonable doubt.

Accordingly, the first prong of *Olano* is satisfied: it was indeed error to sentence Thomas to a term of imprisonment exceeding twenty years based on facts neither charged in the indictment nor found by the jury beyond a reasonable doubt.

## B.

### Was the error "plain"?

▓ An error is "plain" if it is "clear" or "obvious" at the time of appellate consideration. *Johnson,* 520 U.S. at 467–68, 117 S.Ct. 1544. Put another way, an error is "plain" if it is "so egregious and obvious" that a trial judge and prosecutor would be "derelict" in permitting it in a trial held today. *United States v. Gore,* 154 F.3d 34, 43 (2d Cir.1998).

▓ In its brief, the Government conceded that, if we conclude-as we have-that drug quantity is an element of a § 841 offense when it may be used to impose a sentence above the statutory maximum, then, after *Apprendi,* the imposition of an enhanced sentence in a § 841 case without a jury determination of drug quantity is a "plain" error. It contended, however, that the failure to allege drug quantity in the indictment cannot be "plain" error because *Apprendi* expressly left open the question of whether facts that may increase the penalty beyond the statutory maximum must be pleaded in an indictment. *See Apprendi,* 530 U.S. at 477 n. 3, 120 S.Ct. 2348.

In a letter submitted pursuant to Fed. R.App. P. 28(j) [13] and dated November 6, 2001, the Government informed the Court that, in light of *United States v. Cotton*, 261 F.3d 397 (4th Cir.2001), *petition for cert. filed*, 70 U.S.L.W. 3348 (Oct. 31, 2001) (No 01–687), the Government now takes the position that, after *Apprendi*, the threshold drug quantities set forth in 21 U.S.C. § 841(b)(1)(A) and (b)(1)(B) must be alleged in a federal indictment to support a sentence in excess of the otherwise applicable statutory maximum.[14] Accordingly, the second *Olano* prong is satisfied: the error, both as to the absence of a jury determination on an essential element of the offense and the failure to include that element in the indictment, was indeed "plain."

13. Rule 28(j) provides, in relevant part: "If pertinent and significant authorities come to a party's attention after the party's brief has been filed—or after oral argument but before decision—a party may promptly advise the circuit clerk by letter ... setting forth the citations."

14. The Government's new position is consistent with the holdings of nearly every circuit that has reconsidered § 841 in light of *Apprendi*. *See United States v. Promise*, 255 F.3d 150, 156–57 & n. 6 (4th Cir.2001) (*en banc*), *petition for cert. filed*, No. 01–6398 (U.S. Sept. 20, 2001); *United States v. Strayhorn*, 250 F.3d 462, 467–68 (6th Cir.2001); *United States v. Fields*, 242 F.3d 393, 396 (D.C.Cir.), *clarified on reh'g*, 251 F.3d 1041 (D.C.Cir. 2001); *United States v. Doggett*, 230 F.3d 160, 164–65 (5th Cir.2000), *cert. denied*, 531 U.S. 1177, 121 S.Ct. 1152, 148 L.Ed.2d 1014 (2001); *United States v. Rogers*, 228 F.3d 1318, 1327 (11th Cir.2000), *abrogated on other grounds by United States v. Sanchez*, 269 F.3d 1250 (11th Cir.2001) (*en banc*); *United States v. Jones*, 235 F.3d 1231, 1234–36 (10th Cir.2000); *cf. United States v. Eirby*, 262 F.3d 31, 36 (1st Cir.2001) ("The core holding of *Apprendi* is that, apart from the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must both be *charged in the indictment* and submitted to a jury for a determination under the beyond-a-reasonable-doubt standard." (emphasis added)); *cf.*

## C.

## Did the plain error affect Thomas's substantial rights?

■ An error affects a defendant's "substantial rights" if it is "prejudicial" and it "affected the outcome of the district court proceedings." *Gore*, 154 F.3d at 47. "Though 'prejudice' is also required to show that an error is not 'harmless,' pursuant to Fed.R.Crim.P. 52(a), the important difference of plain error prejudice [in most cases] is that '[i]t is the defendant rather than the Government who bears the burden of persuasion with respect to prejudice.'" *Id.* (quoting *Olano*, 507 U.S. at 734–35, 113 S.Ct. 1770) (second alteration in original).[15]

*also United States v. Vazquez*, 271 F.3d 93, 96 (3d Cir.2001) (*en banc*) (holding that where the indictment charged drug quantity, but drug quantity was not submitted to the jury, the District Court erred in using drug quantity to increase the penalty beyond the twenty-year maximum of § 841(b)(1)(C)). *But see United States v. Bjorkman*, 270 F.3d 482, 492 (7th Cir.2001) (stating that drug quantity is "not an 'element' of the § 841 offense in the strong sense"). This near-unanimity is not surprising, as the Supreme Court has explicitly acknowledged that its cases "suggest" the principle that "under the Due Process Clause of the Fifth Amendment and the notice and jury trial guarantees of the Sixth Amendment, any fact (other than prior conviction) that increases the maximum penalty for a crime must be *charged in an indictment*, submitted to a jury, and proven beyond a reasonable doubt." *Jones v. United States*, 526 U.S. 227, 243 n. 6, 119 S.Ct. 1215, 143 L.Ed.2d 311 (1999) (emphasis added). The Court surely reinforced this "suggestion" in *Apprendi*—notwithstanding its "reservation" of the issue—when it stated that "[t]he judge's role in sentencing is constrained at its outer limits by *the facts alleged in the indictment* and found by the jury." 530 U.S. at 483 n. 10, 120 S.Ct. 2348 (emphasis added).

15. When, as here, the source of the alleged error is a supervening judicial decision that alters "a settled rule of law in the circuit," we

■ The error at issue in this case is the lack of congruence or consistency between, on the one hand, the crime as charged in the indictment and found by the jury and, on the other, the crime for which the defendant was sentenced. It is thus possible to view the consequences of this error in one of two ways: either the defendant was improperly sentenced to a greater penalty than the one authorized by Congress for the crime of which he was justly convicted, or the defendant was improperly convicted, because the crime of conviction was not fully alleged in the indictment and found by the jury. *Compare United States v. Promise*, 255 F.3d 150, 160 (4th Cir.2001) (*en banc*) (holding, at the Government's urging, that a similar error was an error in sentencing), *petition for cert. filed*, No. 01–6398 (Sept. 20, 2001), *with United States v. Vazquez*, 271 F.3d 93, 100–01 3d Cir. (2001) (*en banc*) (holding, at the Government's urging, that a similar error was an error in both the trial and sentencing), *and United States v. Terry*, 240 F.3d 65, 74–75 (1st Cir.) (treating a similar error as an error in conviction), *cert. denied*, 532 U.S. 1023, 121 S.Ct. 1965, 149 L.Ed.2d 759 (2001). We need not (and do not) decide which of these conceptions of the error is correct, because under either conception Thomas has demonstrated that the error affected his substantial rights.

Viewing the error as an error in sentencing, the prejudice is clear. The facts alleged in the indictment and found by the jury supported a maximum penalty of imprisonment for twenty years (240 months). Nevertheless, the District Court sentenced Thomas to imprisonment for 292 months– 52 months more than the applicable maximum. It is beyond cavil that imprisonment for an additional 52 months beyond the penalty authorized by Congress, as a direct result of the error of using a drug quantity neither charged nor found by the jury, constitutes prejudice. *See Promise,* 255 F.3d at 160 (holding that a sentence to a term of imprisonment ten years greater than the applicable maximum affected the defendant's "substantial rights"); *cf. United States v. Martinez–Rios*, 143 F.3d 662, 675–76 (2d Cir.1998) (holding that arithmetical error that resulted in an increase to a defendant's base offense level pursuant to the Sentencing Guidelines affected his substantial rights, even though the resulting sentence was within the range for the correct offense level); *Gore,* 154 F.3d at 47–48 (holding that the "stigma" associated with a second conviction along with an extra $50 special assessment constitutes prejudice sufficient to affect "substantial rights," even if the second conviction does not result in any additional time in prison).

If, on the other hand, we proceed from the perspective that Thomas was properly sentenced (because he was "convicted" of the crime that includes the enhanced drug quantity), but the error was in the convic-

have in the past applied a "modified plain error rule" in which the Government bears the burden of persuasion as to whether substantial rights have been affected. *United States v. Santiago*, 238 F.3d 213, 215 (2d Cir.), *cert. denied* 532 U.S. 1046, 121 S.Ct. 2016, 149 L.Ed.2d 1016 (2001); *see also, e.g., United States v. Monteleone*, 257 F.3d 210, 223 (2d Cir.2001); *United States v. Viola*, 35 F.3d 37, 42 (2d Cir.1994), *abrogated on other grounds, Salinas v. United States*, 522 U.S. 52, 118 S.Ct. 469, 139 L.Ed.2d 352 (1997). The Government now contends, however, that the Su-

preme Court's decision in *Johnson v. United States,* 520 U.S. 461, 117 S.Ct. 1544, 137 L.Ed.2d 718 (1997), "implicit[ly] overrul[ed]" our "modified plain error" jurisprudence. Brief for the United States of Am. at 76. *But see Monteleone,* 257 F.3d at 223 (noting the Government's concession, in a post-*Johnson* case, to the application of the modified plain error standard). We need not address the continuing vitality of our modified plain error jurisprudence in this case, because, as discussed below, the defendant here prevails under ordinary plain error review.

tion, then the proceedings below contained two defects. First, Thomas was convicted of a crime other than the crime alleged in the indictment. Second, the jury was not permitted to make a finding of an element of the crime for which Thomas was convicted—namely, drug quantity.

 Where a defendant has claimed that he was convicted of a crime other than the crime alleged in the indictment, we have distinguished between a "constructive amendment" of an indictment—when the terms of the indictment were effectively modified by the presentation of evidence or by actions of the court so that "there is a substantial likelihood that the defendant may have been convicted of an offense other than that charged in the indictment," *United States v. Delano,* 55 F.3d 720, 729 (2d Cir.1995) (quoting *United States v. Mollica,* 849 F.2d 723, 729 (2d Cir.1988)) (internal quotation marks omitted)—and a "variance"—"when the charging terms of the indictment are left unaltered, but the evidence offered at trial proves facts materially different from those alleged in the indictment," *United States v. Frank,* 156 F.3d 332, 338 n. 5 (2d Cir.1998) (quoting *United States v. Zingaro,* 858 F.2d 94, 98 (2d Cir.1988)). A constructive amendment is a *per se* prejudicial violation of the Grand Jury Clause of the Constitution,[16] but a defendant must demonstrate prejudice to prevail on a variance claim. *See id.; Delano,* 55 F.3d at 729; *United States v. Zingaro,* 858 F.2d 94, 98 (2d Cir.1988).

Our rule that a constructive amendment is *per se* prejudicial is grounded in the recognition that "[t]he very purpose of the requirement that a man be indicted by grand jury is to limit his jeopardy to offenses charged by a group of his fellow citizens acting independently of either prosecuting attorney *or judge." Stirone v. United States,* 361 U.S. 212, 218, 80 S.Ct. 270, 4 L.Ed.2d 252 (1960) (emphasis added). Indeed, a grand jury "belongs to no branch of the institutional Government," but rather "serv[es] as a kind of buffer or referee between the Government and the people." *United States v. Williams,* 504 U.S. 36, 47, 112 S.Ct. 1735, 118 L.Ed.2d 352 (1992). Thus, it would be inappropriate for a court to speculate as to whether a grand jury *might* have returned an indictment in conformity with the available evidence, because such an exercise would work the harm the Grand Jury Clause is intended to prevent—a federal prosecution begun by arms of the Government without the consent of fellow citizens. *Cf. Stirone,* 361 U.S. at 217–19 ("The grand jury which found . this indictment was satisfied to charge that Stirone's conduct interfered with interstate importation of sand. But neither this nor any other court can know that the grand jury would have been willing to charge [the theory upon which the conviction rested, namely] that Stirone's conduct would interfere with interstate exportation of steel from a mill later to be built with Rider's concrete."); *Ex parte Bain,* 121 U.S. 1, 13, 7 S.Ct. 781, 30 L.Ed. 849 (1887) ("[A]fter the indictment was changed it was no longer the indictment of the grand jury who [sic] presented it. Any other doctrine would place the rights of the citizen, which were intended to be protected by the constitutional provision, at the mercy or control of the court or prosecuting attorney."), *overruled in part on other grounds, United States v. Miller,* 471 U.S. 130, 105 S.Ct. 1811, 85 L.Ed.2d 99 (1985).

Proceeding from the perspective that, even though the indictment charged a conspiracy to possess with intent to distribute

---

**16.** The Grand Jury Clause provides, in relevant part, that "No person shall be held to answer for a capital, or otherwise infamous crime, unless on a presentment or indictment of a Grand Jury." U.S. Const. amend. V.

*an unspecified amount of drugs,* Thomas was convicted of conspiracy to possess with intent to distribute *5 kilograms or more of a substance containing a detectable amount of cocaine and 50 grams or more of a substance containing cocaine base* (and, thus, properly sentenced), *see* 21 U.S.C. § 841(b)(1)(A), we conclude that the error in this case is more akin to a constructive amendment than a variance. As we observe above, an error resulting in a substantial likelihood that the defendant may have been convicted of an offense other than that charged in the indictment is *per se* prejudicial. *See Delano,* 55 F.3d at 729. Thus, if we regard the error in this case as conviction of the defendant of an offense other than the offense with which he was charged in the indictment, then we are led to the conclusion that the error in this case was prejudicial *per se.*[17] Although we do not view the discrepancy between the offense for which the defendant was convicted and the offense charged (and found by the jury) as a variance, if we were to do so, we would also find that the defendant has established prejudice based upon 52 months of imprisonment beyond the statutory maximum for the offense as charged and found by the jury.

In sum, we conclude that the third *Olano* prong is satisfied: under either view of the inconsistency between the crime charged and proved to the jury and the crime for which the defendant was sentenced, the error adversely affected the defendant's "substantial rights."

### D.

### Should we notice and correct the plain error?

██ Because there was error, the error was plain, and the error affected

Thomas's substantial rights, he has met the first three requirements of the plain error test. We therefore turn to the fourth *Olano* prong—the question of whether we should exercise our discretion to notice the plain error. *See Olano,* 507 U.S. at 732, 113 S.Ct. 1770; *see also Gore,* 154 F.3d at 48. We are permitted to exercise our discretion to notice a plain error only when the error "seriously affect[s] the fairness, integrity or public reputation of judicial proceedings." *Olano,* 507 U.S. at 736, 113 S.Ct. 1770 (alteration in original).

Because *Olano's* fourth prong is phrased in the disjunctive, we may exercise our discretion to notice the plain error if we conclude that the error in this case "seriously affected" the fairness *or* the integrity *or* the public reputation of judicial proceedings. We conclude that the error "seriously affected" at least the fairness and public reputation of judicial proceedings.

### (i)

### Did the plain error affect the fairness of judicial proceedings?

On the particular facts of this case, we conclude that the error did "seriously affect" the fairness of the proceedings. Thomas did not stipulate or allocute to the drug quantity used to enhance his sentence. To the contrary, by objecting to the District Court's use of the preponderance-of-the-evidence standard in determining quantity, Thomas squarely placed drug quantity at issue. Thus, this is not a case where a fact improperly found by a judge, rather than by a jury, was "essentially uncontroverted." *Compare Johnson v.*

---

**17.** Because we find that the indictment error alone affected Thomas's "substantial rights," we need not consider whether the failure to instruct the jury on drug quantity was similarly prejudicial.

*United States,* 520 U.S. 461, 470, 117 S.Ct. 1544, 137 L.Ed.2d 718 (1997).

It is self-evident that, in at least some cases, a district court's decision to use the preponderance-of-the-evidence standard to determine drug quantity rather than a more exacting standard would have the natural and probable effect of discouraging defense counsel from vigorously contesting quantity. Thomas's argument to Judge McAvoy that he should employ the "clear and convincing evidence" standard demonstrates that he was prepared to contest quantity, and raises the question of whether the error in this case might have discouraged Thomas's counsel from vigorously cross-examining the Government's witnesses at trial regarding drug quantity.[18] The error in this case, therefore, "seriously affected" the fairness of the proceedings because it deprived Thomas of the opportunity to raise a reasonable doubt as to an issue—drug quantity— which his arguments before the District Court demonstrate that he was prepared to contest.

### (ii)

### Did the plain error affect the public reputation of judicial proceedings?

For similar reasons, we also conclude that a refusal to notice the error in this case would seriously affect the public reputation of judicial proceedings. As discussed above, the error in this case can be seen as an error in *sentencing—i.e.,* as the District Court imposing a sentence that it had no actual authority to impose. It can also be seen as an error in *the conviction—i.e.,* as the conviction of a defendant for a crime different than the crime charged in the indictment and for which an element that the defendant was demon-strably prepared to contest was decided by the judge by a preponderance-of-the-evidence standard rather than by a jury beyond a reasonable doubt. In either case, permitting the error to stand would damage the judicial system's public reputation for fairness.

\* \* \*

In sum, the fourth prong of *Olano* is satisfied: The error in this case seriously affected both the fairness and the public reputation of judicial proceedings. Accordingly, we will exercise our discretion to address the plain error. We next turn to the question of the proper remedy.

### V.

As noted, the error in this case can be considered either an error in sentencing or an error in the conviction. If it is the former, the remedy is to vacate the improper sentence and remand for resentencing. *See, e.g., United States v. Martinez Rios,* 143 F.3d 662, 675–76, 678 (2d Cir.1998) (vacating the sentence and remanding for resentencing after holding that an arithmetical error resulted in a miscalculation of the base offense level pursuant to the Sentencing Guidelines). If it is the latter, one possible remedy is to vacate the improper conviction and the resulting sentence and remand for entry of a judgment of conviction for the lesser-included offense and for resentencing. Another remedy for an error in the conviction is to enter a judgment of conviction for the lesser-included offense ourselves and remand for resentencing alone. *Cf. United States v. Dhinsa,* 243 F.3d 635, 674 (2d Cir.) ("[A] reviewing court may vacate the conviction and sentence for the greater offense and enter a judgment of conviction

---

**18.** Judge McAvoy's findings as to drug quantity were based on the trial testimony of two Government witnesses. **(JA at A. 605)**

on the lesser offense (or, in the alternative, remand the matter to the trial court with instructions to enter a judgment of conviction on the lesser offense) '[w]hen the evidence is insufficient to support the greater offense, but sufficient to support a conviction on the lesser-included offense.'" (quoting *Government of the Virgin Islands v. Josiah,* 641 F.2d 1103, 1108 (3d Cir. 1981) (alteration in original))), *cert. denied,* —— U.S. ——, 122 S.Ct. 219, —— L.Ed.2d —— (2001).

We decline to resolve the substantial question of whether the error in this case was an error in sentencing or an error in conviction for the purely formalistic purpose of determining whether it is technically necessary to enter a new judgment of conviction. Regardless of whether a sentencing error or a conviction error occurred in this case, any prejudice to the defendant will be cured by vacating his sentence and remanding for resentencing pursuant to 21 U.S.C. § 841(b)(1)(C) to a term of imprisonment not to exceed twenty years.

## VI.

In sum, we hold that:

(1) After *Apprendi,* drug type and quantity are elements of the offense under 21 U.S.C. § 841 that must be charged in the indictment and submitted to the jury for its finding beyond a reasonable doubt. Even if a threshold drug quantity is not charged in the indictment or found by the jury, however, drug type and quantity may be used to determine the appropriate sentence so long as the sentence imposed is not greater than the maximum penalty authorized by statute for the offense charged in the indictment and found by the jury.

(2) Where drug type and quantity are used to authorize a sentence above the otherwise applicable statutory maximum, the failure either to charge drug type and quantity in the indictment or to submit the question of drug type and quantity to the jury is subject to plain error review pursuant to Fed.R.Crim.P. 52(b) when the defendant raised no objection before the District Court;

(3) In this case, the imposition of a 292 month sentence pursuant to 21 U.S.C. § 841(b)(1)(A), 52 months beyond the statutory maximum penalty for the offense charged, 21 U.S.C. § 841(b)(1)(C), and despite the omission from the indictment of the drug quantity and the District Court's failure to submit the question of drug quantity to the jury, constituted error, which was plain, and which affected the defendant's substantial rights;

(4) In the facts and circumstances of this case, the imposition of a 292 month sentence pursuant to 21 U.S.C. § 841(b)(1)(A), 52 months beyond the statutory maximum penalty for the offense charged, 21 U.S.C. § 841(b)(1)(C), and despite the omission of the drug quantity from the indictment and the District Court's failure to submit the question of drug quantity to the jury, and over the defendant's objection as to the standard of proof used by the Court to determine drug quantity, seriously affected the fairness and public reputation of judicial proceedings; and

(5) The proper remedy for the error in this case is to vacate the defendant's sentence and remand the cause to the District Court for resentencing pursuant to 21 U.S.C. § 841(b)(1)(C) to a term of imprisonment not to exceed twenty years.