**UNITED STATES of America,**
**Appellee,**

v.

**Jorge GUEVARA, Defendant–Appellant.**

**Docket No. 00–1133.**

United States Court of Appeals,
Second Circuit.

April 12, 2002.

Present JACOBS, CALABRESI, Circuit Judges, and RAKOFF, District Judge.*

* The Honorable Jed S. Rakoff of the United States District Court for the Southern District

## DENYING PETITION FOR REHEARING

In its petition for rehearing, the government argues that pursuant to *Neder v. United States,* 527 U.S. 1, 119 S.Ct. 1827, 144 L.Ed.2d 35 (1999), this Court should have undertaken a *"causal, evidence-based* determination of whether the alleged error affected substantial rights—*i.e.,* whether the alleged procedural error actually affected the outcome of the proceedings." Gov't Brief in Support of Petition, 28 n.*. The government fails to recognize that *Apprendi* runs somewhat counter to *Neder.* Thus *Apprendi* itself did not undertake a *Neder* analysis. Nor did our *in banc* opinion in *United States v. Thomas,* 274 F.3d 655 (2d Cir.2001). We conclude that in the circumstances presented in this case as well, *Neder* does not control. The petition for rehearing is therefore denied.

Judge CALABRESI, concurring dubitante.

On the one hand, I find it very hard to distinguish *Neder v. United States,* 527 U.S. 1, 119 S.Ct. 1827, 144 L.Ed.2d 35 (1999), and its progeny, including this Court's opinion in *United States v. Jackson,* 196 F.3d 383 (2d Cir.1999), from the case before us. On the other hand, as the majority of the panel notes, the *Neder* arguments made here would also have been relevant in *Apprendi v. New Jersey,* 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000). All this leaves me puzzled, but not sufficiently to justify a dissent. Accordingly, I join the majority's order, albeit a mite queasily.

of New York, sitting by designation.