**UNITED STATES, Plaintiff–Appellee,**

v.

**Kevin ADDERLEY, also known as KK and Vernon Adderley, Defendants,**

**Jermaine Adderley, also known as Main, Defendant–Appellant.**

No. 01–1005.

United States Court of Appeals, Second Circuit.

July 16, 2002.

Robert H. Hotz, Jr., and Meir Feder, Assistant United States Attorneys (James B. Comey, United States Attorney for the Southern District of New York, on the brief) New York, NY, for Appellee.

Michael A. Young, New York, NY, for Appellant.

Present CABRANES, STRAUB and SOTOMAYOR, Circuit Judges.

### SUMMARY ORDER

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the

judgment of the District Court be and it hereby is **AFFIRMED**.

Jermaine Adderley appeals from the final judgment of conviction and sentence entered on December 12, 2000, principally committing him to imprisonment for 121 months pursuant to his plea of guilty to a violation of 21 U.S.C. § 846, conspiracy to distribute and possess with intent to distribute fifty grams and more of cocaine base, and a violation of 18 U.S.C. § 371, conspiracy to deal firearms without a licence and to receive and transport firearms to their state of residence that were purchased out of state.

On appeal, Adderley claims that his plea was invalid under the Fourth, Fifth, and Sixth Amendments, Rule 11 of the Federal Rules of Criminal Procedure, and *United States v. Thomas*, 274 F.3d 655 (2d Cir. 2001) (*en banc*). He bases his claims on the contention that his plea was not "knowingly and voluntarily" made because (i) the indictment did not precisely state the drug quantity and (ii) because he was not informed at his plea proceedings of the precise quantity of drugs and of his right to have a jury determine at trial each element of the offenses, including drug quantity.

Adderley's claims have no merit. Examination of the record reveals that the indictment stated the drug quantity charged with sufficient specificity, and that Adderley was informed at his plea proceeding both of the precise quantity of drugs that he had a right to have a jury determine at trial each element of the offenses charged, including drug quantity. Adderley's claim that his plea proceeding was inadequate under Rule 11 is similarly unavailing in light of the District Court's thorough determination that Adderley knew and understood the charges against him and the consequences of his plea.

Finally, our holding in *Thomas* is not implicated here because *Thomas* requires that the quantity of drugs be charged in the indictment and found by a jury "only in cases where the quantity results in a punishment above a statutory maximum." 274 F.3d at 660 n. 3. Here, Adderley was sentenced to less than the statutory maximum—and was, in fact, sentenced to just over the statutory minimum. Thus, he had no right under *Thomas* to have the quantity of drugs specified in the indictment and found by a jury.