UNITED STATES of America Appellee,

v.

John RUOTOLO, also known as John Routollo, Defendant–Appellant,

No. 01–1528.

United States Court of Appeals, Second Circuit.

Jan. 8, 2003.

Cheryl J. Sturm, Chadds Ford, PA, for Appellant.

Jo Ann M. Navickas, Assistant United States Attorney for the Eastern District of New York (Alan Vinegrad, United States Attorney for the Eastern District of New York, and Peter A. Norling, Assistant United States Attorney, on the brief), New York, NY, for Appellee United States of America.

PRESENT: WALKER, Chief Judge, WINTER and CALABRESI Circuit Judges.

SUMMARY ORDER

THIS SUMMARY ORDER WILL NOT BE PUBLISHED IN THE FEDERAL REPORTER AND MAY NOT BE CITED AS PRECEDENTIAL AUTHORITY TO THIS OR ANY OTHER COURT, BUT MAY BE CALLED TO THE ATTENTION OF THIS OR ANY OTHER COURT IN A SUBSEQUENT STAGE OF THIS CASE, IN A RELATED CASE, OR IN ANY CASE FOR PURPOSES OF COLLATERAL ESTOPPEL OR RES JUDICATA.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the United States Courthouse, Foley Square, in the City of New York, on the 8th day of January, two thousand and three.

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the judgment of said district court be and it hereby is AFFIRMED.

Appellant John Ruotolo appeals from an order of the United States District Court for the Eastern District of New York (Sterling Johnson, *District Judge* ) denying his motion pursuant to former Fed. R.Civ.P. 35 ("former Rule 35") to correct a purportedly illegal sentence. In 1991, appellant was convicted, following a jury trial, of conspiracy to import heroin (Count I), 21 U.S.C. § 963, and two counts of importation of heroin (Counts II and III), 21 U.S.C. § 952. Judge Thomas C. Platt sentenced appellant to three consecutive 10–year terms of imprisonment and a lifetime special parole. In support of his Rule 35 motion, appellant argued that his sentence violates *Apprendi v. New Jersey,* 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000). Judge Johnson, to whom the case was reassigned, construed the motion as a collateral attack and denied it on the basis that *Apprendi* does not apply retroactively

on collateral attack. We affirm for the reasons stated below.

Appellant asserts that his sentence violates *Apprendi* for several reasons. First, he argues that Judge Pratt's determination that his participation in the conspiracy (Count I) was not a "straddle" offense (*i.e.,* one that involved conduct before and after November 1, 1987) was error, because under *Apprendi,* a jury rather than a judge must make that determination. As alleged in the indictment, Count I involved a conspiracy to import heroin "[f]rom in or about and between January 1984 through December, 1987, both dates being approximate and inclusive." The district court found, however, that appellant's participation in the conspiracy terminated in August of 1984. *See United States v. Yu–Leung,* 51 F.3d 1116, 1120–23 (2d Cir. 1995). Accordingly, the district court used the standards in effect prior to November 1, 1997 to determine appellant's sentence for all three counts. Appellant contends that a jury might have found that his involvement in the conspiracy extended past November 1, 1987, a finding that would have required him to be sentenced under the Sentencing Guidelines. *See United States v. Story,* 891 F.2d 988, 995 (2d Cir.1989) (commission of offenses that "straddle" the effective date of the Sentencing Guidelines must be sentenced under the Guidelines). Appellant also argues that the sentence imposed for all three counts violates *Apprendi* because the jury allegedly was not required to find (1) the precise dates of the offenses charged in Counts II and III of the indictment, and (2) the identities and quantities of the controlled substance at issue for all three counts. We find that, regardless of the procedural posture of appellant's motion (*i.e.,* whether it is a motion pursuant to former Rule 35 or a collateral attack), appellant's motion was properly denied be-

cause none of the alleged errors led to an *Apprendi* violation.

■ First, given the facts of this case, *Apprendi* has no bearing on the propriety of the judge's determination that appellant's involvement in the conspiracy did not "straddle" the effective date of the Guidelines. As we explained in *United States v. Thomas*, "[t]he constitutional rule of *Apprendi* does not apply where the sentence imposed is not greater than the prescribed statutory maximum for the offense of conviction." 274 F.3d 655, 664 (2d Cir.2001). In this case, appellant's sentence of ten-years' incarceration for a violation of 21 U.S.C. § 963 exceed neither the pre-November 1, 1987 statutory maximum, nor the statutory maximum in effect after that date. Under the pre-November 1, 1987 regime, appellant could have been sentenced for up to fifteen years' incarceration for his involvement in the conspiracy. *See* 21 U.S.C. § 960(b)(1) (1983). Had appellant been sentenced pursuant to the statute effective on November 1, 1987, he would have faced a statutory maximum of twenty years incarceration. *See* 21 U.S.C. § 960(b)(3) (1988). Accordingly, even if *Apprendi* applies to appellant's motion, an issue we need not and do not consider, because the ten year sentence imposed for Count I does not exceed any possibly applicable statutory maximum, *Apprendi* imposes no requirement that a jury determine the termination date of appellant's involvement in the conspiracy.

■ Second, the transcript of the jury instruction belies appellant's contention that the district court failed to instruct the jury with respect to the identity of the controlled substance for Counts I, II, and III, and the dates of the offenses with respect to Counts II and III. Furthermore, because the quantity of narcotics was not an element of a violation of Section 952 or Section 960 as those statutes were codified in 1984, and those sections did not at that time contain quantity-based sentencing enhancements, the district court was not required to instruct the jury with respect to the quantity of heroin alleged in Counts II and III. *See* 21 U.S.C. §§ 952, 960(b) (1984). Moreover, even if the district court's charge of Counts II and III suffered from the defects appellant alleges, because appellant's sentences for those counts did not exceed the statutory maximum for violations of 21 U.S.C. § 952 in effect in 1984, the district court's charge could not have violated *Apprendi* in any event.

■ Finally, although appellant does not make the argument, any suggestion that the district court's imposition of consecutive sentences violates *Apprendi* is barred by this court's decision in *United States v. White*, 240 F.3d 127, 135 (2d Cir.2001) (determination of whether sentences run concurrently or consecutively is not subject to the *Apprendi* rule) (citing *Apprendi*, 530 U.S. at 474, 120 S.Ct. 2348)). Appellant alleges no other grounds for his assertion that his sentence was "illegal," and we find none.

We have considered all of appellant's other arguments and find them to be without merit.

For the reasons set forth above, the judgment of the district court is hereby AFFIRMED.