**UNITED STATES of America,**
**Appellee,**

v.

**Angel ARROYO, also known as Chelo, Giovanny Fernandez, Christopher Vargas–Vasquez, also known as Papito, Sylvio Hernandez, Facundo Aquino, Jose Diaz, Sandro Ospina, also**

known as 79, Ricaurte Mora, also known as Polo, also known as Gordo, Luciano Caceres, also known as Enrique, also known as Chano, Yranna Chevalier, also known as Erica Lnu, Edelmiro Santos, also known as Chino, also known as Code 20, also known as Ch, Eddy Sanchez, also known as Angel Arroyo, also known as Chelo, Jose Jiminez, and Alvin Hendricks, also known as Pito, Defendants,

Elvir Rosario, also known as Jabao, and Jose Urena, also known as Jose Clausen, also known as Majao, Defendants–Appellants.

Docket Nos. 01–1012(L), 01–1115.

United States Court of Appeals, Second Circuit.

Feb. 19, 2002.

B. Alan Seidler, Nyack, NY, for Appellant Elvir Rosario.

Henry E. Mazurek, New York, NY, for Appellant Jose Urena.

Tiffany M. Erwin; Mary Jo White, United States Attorney, Mark F. Mendelsohn and Christine H. Chung, on the brief, New York, NY, for Appellee.

Present POOLER, SOTOMAYOR, Circuit Judges, and NICHOLAS G.

GARAUFIS, District Judge.*

## SUMMARY ORDER

ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the order of said District Court be and it hereby is **AFFIRMED.**

Defendant-appellant Elvir Rosario appeals from the December 19, 2000 judgment of the United States District Court for the Southern District of New York (Allen G. Schwartz, *Judge* ), convicting him after a jury trial of one count of conspiracy to distribute and possess with intent to distribute one kilogram or more of heroin, in violation of 21 U.S.C. §§ 846 and 841(b)(1)(A). The court sentenced Rosario to 210 months imprisonment. Defendant appellant Jose Urena appeals from the February 14, 2001 judgment of the same court, convicting him after a jury trial of the same conspiracy offense. The court sentenced Urena to 270 months imprisonment.

On June 24, 1999, both defendants were indicted in a fourth superseding indictment, containing eighteen counts and naming multiple conspirators. Urena and Rosario were charged only in count one, which alleged their involvement between May 1998 and January 1999 in a conspiracy to distribute and possess with intent to distribute "1 kilogram and more of mixtures and substances containing a detectable amount of heroin," in violation of 21 U.S.C. §§ 812, 841(a)(1), and 841(b)(1)(A). A jury trial occurred between February 8 and 22, 2000. Rosario and Urena were the only two defendants at that trial.

The evidence at trial showed that defendants were involved in a large heroin distribution and sale conspiracy. Much of the government's case hinged on the testimony of one of the main distributors turned government cooperator, Eddy Sanchez. Sanchez testified about the operations of the conspiracy, transactions he observed the defendants conducting, his specific transactions with defendants, and the amounts of some of the transactions. In addition, the government introduced testimony from an undercover detective who bought heroin from Urena, testimony from Urena's girlfriend, also a cooperator, several tape recorded conversations between Sanchez and Urena and Rosario, and the defendants' post-arrest false exculpatory statements. Rosario did not present a defense. Urena presented evidence that one of the detectives who testified that he bought drugs from Urena was biased against the Urena family because Urena's brother initiated a civil lawsuit against the detective for false arrest.

Towards the end of the trial, the government submitted a proposed special verdict form that requested the jury make a specific finding as to drug quantity, should they first find the defendants guilty. Both defense attorneys objected to a special verdict form and argued that the court, not the jury, should make findings as to drug quantity. Both defense attorneys argued that quantity was not an element of the offense and did not need to be found by a jury. Finally, both defense attorneys specifically waived any requirement that a jury find the amount of drugs. After securing waivers from both defense attorneys, the court acquiesced in the defense's desires and did not submit the special verdict form to the jury. The verdict form actually submitted to the jury was a general verdict form, asking simply whether the

---

* The Honorable Nicholas G. Garaufis, United States District Court Judge for the Eastern District of New York, sitting by designation.

jury found each defendant guilty or not guilty of the charge.

On appeal, both defendants raise a number of challenges to their convictions and sentences based on the court's failure to submit the issue of the quantity of drugs to the jury. Both defendants argue that, pursuant to *Apprendi v. New Jersey,* which the Supreme Court decided after the jury trial but before the sentencings, drug quantity is an element that must be proven at trial. 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000). In addition to the *Apprendi* error, defendants argue that the district court erred in relying on the waivers by the defense attorneys and in failing to make a specific finding as to drug quantity beyond a reasonable doubt. The defendants also argue that the evidence was insufficient to support the court's finding of quantity. In addition, Rosario alleges that his counsel was ineffective and that the court erred in enhancing his sentence for his role in the offense. We need not address each of the defendants' arguments in detail because we find that any error that occurred in failing to submit the issue of quantity to the jury was harmless.

■ Drug quantity is an element of the offense that must be alleged in the indictment and found by a jury beyond a reasonable doubt. *See United States v. Thomas,* 274 F.3d 655, 663–64 (2d Cir. 2001) (*en banc*) (interpreting *Apprendi*). However, the failure to either allege quantity or secure a jury finding as to quantity, while erroneous, does not constitute reversible error under *Apprendi* unless the court sentenced the defendant to a sentence greater than the statutory maximum applicable for a conviction based on a drug offense without a determinate quantity, pursuant to 21 U.S.C. § 841(b)(1)(C). *See Thomas,* 274 F.3d at 664; *United States v. McLeod,* 251 F.3d 78, 82 (2d Cir.), *cert.*

*denied,* —— U.S. ——, 122 S.Ct. 304, 151 L.Ed.2d 226 (2001).

■ Under 21 U.S.C. § 841(b)(1)(C), the maximum penalty for Rosario is 20 years, or 240 months. The court sentenced Rosario to 210 months. Because the court did not sentence Rosario to a term of imprisonment greater than the applicable statutory maximum for an offense alleging an indeterminate amount, any error in failing to submit the element of quantity to the jury was harmless. Under 21 U.S.C. § 841(b)(1)(C), the maximum penalty for Urena is 30 years, or 360 months. (Urena was subject to a higher statutory maximum because he committed the instant offense "after a prior conviction for a felony drug offense has become final." § 841(b)(1)(C). The government properly notified Urena that it intended to seek this enhancement when it filed and served a Prior Felony Information on December 27, 1999. Urena does not contest this on appeal.) The court sentenced Urena to 270 months. Like Rosario, because the court did not sentence Urena to a term of imprisonment greater than the applicable statutory maximum for an offense alleging an indeterminate amount, any error in failing to submit the element of quantity to the jury was harmless. Furthermore, we note that the evidence presented as to drug quantity was sufficient to support the court's findings and sentences. As to the defendants' claim that they were effectively convicted of a crime different from that charged in the indictment, this claim of error was not raised below, and therefore we review under a plain error standard. *See United States v. Olano,* 507 U.S. 725, 731, 113 S.Ct. 1770, 123 L.Ed.2d 508 (1993). If this was plain error, which we do not decide, we decline to exercise our discretion to notice it because the jury was entitled to convict on a lesser-included offense, *see* Fed.R.Crim.P. 31(c), and, as noted, the district court's sentences were within the statutory maximum for that

lesser-included offense. We can find no harm to the "fairness, integrity or public reputation" of these proceedings warranting reversal. *Olano,* 507 U.S. at 736 (internal quotations omitted). Thus, we affirm the conviction and sentence of both Rosario and Urena.

Finally, we find no grounds to support Rosario's claim that his counsel was ineffective according to the standard outlined in *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). In addition, the court did not err in applying an enhancement for Rosario's role in the offense, pursuant to U.S.S.G. § 3B1.1.

We find the defendants' remaining arguments to be without merit.