Armando **AVILEZ–LA GUARDIA,** Petitioner–Appellant,

v.

**UNITED STATES of America,** Respondent–Appellee.

**Docket No. 01–2601.**

United States Court of Appeals, Second Circuit.

Sept. 19, 2002.

Robert A. Culp, New York, NY, for Appellant.

Andrew J. Hinton, Assistant United States Attorney for the Eastern District of New York, Brooklyn, N.Y. (Alan Vinegrad, United States Attorney, and Emily Berger, Assistant United States Attorney, on the brief), for Appellee.

Present ELLSWORTH VAN GRAAFEILAND, DENNIS JACOBS, and ROSEMARY S. POOLER, Circuit Judges.

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the judgment of the district court be, and it hereby is, **AFFIRMED.**

Armando Avilez–La Guardia appeals from an August 31, 2001 final order of the United States District Court for the Eastern District of New York (Raggi, J.), denying his petition pursuant to 28 U.S.C. § 2255 to vacate his 1996 conviction and sentence, following a jury trial, for conspiring and attempting to possess with intent to distribute cocaine in violation of 21 U.S.C. §§ 846, 841(a)(1). Avilez–La Guardia was sentenced principally to a prison term of 151 months, to be followed by a five-year term of supervised release. By summary order issued April 5, 2000, we affirmed his conviction. *United States v. Diaz*, No. 96–1785, 2000 WL 357680 (2d Cir. Apr.5, 2000). Avilez–La Guardia subsequently filed a petition for § 2255 relief on the grounds that (1) his conviction and sentence violated the rule set forth in *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000); (2) his trial and appellate counsel were constitutionally ineffective; and (3) the district court erred in enhancing his sentence for obstruction of justice. The district court denied the petition.

In this appeal, Avilez–La Guardia challenges only the ruling that his *Apprendi* claim is procedurally barred and (in any event) meritless.

I.

In July 1995, Avilez–La Guardia and three others arrived at a warehouse at John F. Kennedy Airport in New York City and attempted to claim four floor polishing machines that had been shipped from Columbia. Each machine contained cocaine. Avilez–La Guardia was charged under a superseding indictment with (1) conspiring to distribute and to possess with intent to distribute cocaine and (2) attempting to possess with intent to distribute cocaine, in violation of 21 U.S.C. §§ 846, 841(a)(1). Avilez–La Guardia's first trial ended in a mistrial; a co-defendant was acquitted. At his second trial, a jury convicted Avilez–La Guardia of both charges. During his second trial, Avilez–La Guardia stipulated that a forensic chemist, if called to the stand by the prosecution, would testify that the quantity of the cocaine seized was 23.857 kilograms. This drug quantity was neither alleged in the indictment nor found by the jury beyond a reasonable doubt.

Drug offenses under 21 U.S.C. § 846 are subject to sentencing under the graduated penalty provisions of 21 U.S.C. § 841(b). If the offense involved any detectable quantity of cocaine, the offender is subject to a maximum prison term of 20 years. 21 U.S.C. § 841(b)(1)(C). If the offense involves "5 kilograms or more of a mixture or substance containing ... cocaine," then the defendant is subject to a prison term of between ten years and life. *Id.* § 841(b)(1)(A)(ii)(II). The superseding indictment cited this latter provision, and the district court found that Avilez–La Guardia's crime involved more than five kilograms of cocaine, apparently on the ground of the stipulation. Based on this drug quantity and other adjustments for obstruction of justice and minor role, the district court determined that the appropriate sentencing range was 151–188 months. Avilez–La Guardia was sentenced to 151 months' imprisonment, five years' supervised release, and a $100 special assessment.

On this appeal, Avilez–La Guardia contends that (1) his *Apprendi* claim is not procedurally barred; (2) *Apprendi* error is jurisdictional and, therefore, can be raised at any time; and (3) his sentence violates the principles underlying *Apprendi*. We do not reach the issue of procedural bar, but we do otherwise affirm.

This Court has already held that "[t]he constitutional rule of *Apprendi* does not apply where the sentence imposed is not greater than the prescribed statutory maximum for the offense of conviction." *United States v. Thomas*, 274 F.3d 655, 664 (2d Cir.2001) (en banc). Avilez–La Guardia's sentence is well within the 20–year statutory maximum provided by 21 U.S.C. § 841(b)(1)(C) for trafficking in any detectable amount of cocaine. There was therefore no *Apprendi* error in the Government's failure to charge drug quantity in the indictment and prove it to the jury beyond a reasonable doubt. *Id.* at 662–64. This conclusion does not depend on whether Avilez–La Guardia's stipulation that a prosecution witness would testify to a certain drug quantity is the same as a direct stipulation to the quantity of drugs involved in the offense.

Finally, Avilez–La Guardia's contention that the Government's failure to allege drug quantity in the indictment deprived the district court of jurisdiction has also been foreclosed by controlling precedent. *See United States v. Cotton*, —— U.S. ——, ———–——, 122 S.Ct. 1781, 1784–85, 152 L.Ed.2d 860 (2002); *Thomas*, 274 F.3d at 664.

For the foregoing reasons, the judgment of the district court is hereby **AFFIRMED**.