UNITED STATES of America,
Appellee,

v.

Steven WILLIAMS, Defendant–
Appellant.

No. 03–1396(L), 03–1397(CON).

United States Court of Appeals,
Second Circuit.

June 7, 2004.

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment of the District Court is AFFIRMED.

Steven H. Breslow, Assistant United States Attorney, for Roslynn R. Mauskopf,

United States Attorney, Eastern District of New York (David C. James, Assistant United States Attorney), for Appellee, of counsel.

Robin C. Smith, Brooklyn, NY, for Defendant–Appellant.

PRESENT: CALABRESI, WESLEY, Circuit Judges, and SCULLIN, District Judge.*

## SUMMARY ORDER

Defendant-appellant Steven Williams ("Defendant") was convicted in federal court, after a jury trial, for conspiracy to import more than 500 grams of cocaine, conspiracy to distribute more than 500 grams of cocaine, and attempted possession of more than 500 grams of cocaine with the intent to distribute it, in violation of 21 U.S.C. §§ 963, 960(a)(1), 960(b)(2)(B)(ii), 846, 841(a)(1), and 841(b)(1)(B)(ii)(II). He was also convicted, pursuant to a guilty plea, of possessing a firearm as a felon, in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2). The district court (Johnson, J.) sentenced Defendant to 78 months' imprisonment for the narcotics charges, a consecutive term of 33 months' imprisonment for the firearms charge, a four-year term of supervised release, and a $400 special assessment.

On appeal, Defendant alleges that the district court made three errors during trial. We disagree and accordingly affirm the conviction.

■ First, Defendant objects to the admission of testimony by DEA Agent Klemick that Eon Fraites—a confidential informant who participated in the investigation of Defendant and who was killed before trial—was "deceased." Taking into account all of the surrounding circumstances, including the district court's curative instruction, we hold that the district court did not abuse its discretion under Fed. R.Evid. 403 in admitting the testimony. *See United States v. Yousef,* 327 F.3d 56, 121 (2d Cir.2003).[1]

■ Second, Defendant maintains that the district court erred in allowing Special Agent Joseph to testify to a statement that Gordon Brhamdeow, a cooperating witness who testified at trial, had made in an earlier interview. The government responds that this testimony was needed to counter the defense counsel's earlier elicitation from Agent Joseph of an alleged "prior inconsistent statement" that Brhamdeow had made during the same interview. After reviewing the statements in question, we find that it was well within the district court's discretion to admit the testimony. *See Phoenix Assocs. III v. Stone,* 60 F.3d 95, 103 (2d Cir.1995); *United States v. Khan,* 821 F.2d 90, 94 (2d Cir.1987).

Finally, Defendant alleges that his Fifth and Sixth Amendment rights were violated by the district court's failure to permit him to call an Assistant United States Attorney to testify that, if the government later issued a 5k.1 letter on behalf of Brhamdeow (which was a possibility under his cooperation agreement), Brhamdeow could receive a sentence as low as probation. Such information, Defendant argues,

---

* The Honorable Frederick J. Scullin, Jr., Chief Judge of the United States District Court for the Northern District of New York, sitting by designation.

1. Defendant also argues, for the first time, that the testimony constituted inadmissible hearsay. We find, however, that there was no plain error, since the testimony in question was not "plainly" hearsay under Fed R. Evid. 801(c). *See United States v. Thomas,* 274 F.3d 655, 667 (2d Cir.2001) (en banc) ("[A]n error is 'plain' if it is so egregious and obvious that a trial judge and prosecutor would be derelict in permitting it in a trial held today.") (internal quotation marks omitted).

would go to Brhamdeow's potential bias as a witness. The record shows, however, that the district court *did* grant defense counsel permission to call that witness, and that it was defense counsel who abandoned his efforts in this regard. Given this waiver, we agree with the government that there is no error—plain or otherwise—to review. *See United States v. Yu–Leung,* 51 F.3d 1116, 1121–23 (2d Cir.1995).

We have considered all of Defendants' claims and find them to be without merit. We therefore AFFIRM the judgment of conviction.