UNITED STATES of America, Appellee,

v.

José VELAZQUEZ, Defendant–Appellant.

Docket No. 03–1771–CR.

United States Court of Appeals, Second Circuit.

Dec. 14, 2004.

Howard Simmons, Law Office of Telesforo Del Valle, Jr., New York, NY., for Defendant–Appellant.

John P. Collins, Jr., Assistant United States Attorney, Southern District of New York, New York, NY (David N. Kelly, United States Attorney, and David B. Anders, Assistant United States Attorney, on the brief), for Appellee.

PRESENT: CARDAMONE, JACOBS, and CABRANES, Circuit Judges.

### SUMMARY ORDER

Defendant José Velazquez appeals from a 121–month sentence imposed on March 7, 2003 in the United States District Court for the Southern District of New York (Martin, *J.*), following his conviction on one count of conspiracy to distribute and possess with intent to distribute cocaine in violation of 21 U.S.C. §§ 846, 841(a)(1), and 841(b)(1)(C). We assume the parties are familiar with the facts, the procedural context, and the issues on appeal.

Velazquez claims that drug quantity should have been found by the jury. However, none of the statutes underlying Velazquez's conviction make any mention of a particular quantity of drugs; and *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), instructs only that drug quantity is an element of the offense (and thus must be presented to the jury) where "the quantity results in a punishment above the statutory maximum." *United States v. Thomas*, 274 F.3d 655, 660 n. 3 (2d Cir.2001) (*in banc*). Here, Velazquez was sentenced below § 841(b)(1)(C)'s 240–month maximum. Therefore, the jury was not required to make the drug quantity finding.

For the foregoing reasons, the judgment of the district court is hereby **AFFIRMED**.

The mandate in this case will be held pending the Supreme Court's decision in *United States v. Booker*, No. 04–104, 2004 WL 2331491, and *United States v. Fanfan*, No. 04–105, 2004 WL 2331491 (argued October 4, 2004). Should any party believe there is a need for the district court to exercise jurisdiction prior to the Supreme Court's decision, it may file a motion seeking issuance of the mandate in whole or in part. Although any petition for rehearing should be filed in the normal course pursuant to Rule 40 of the Federal Rules of Appellate Procedure, the court will not reconsider those portions of its order that address the defendant's sentence until after the Supreme Court's decision in *Booker* and *Fanfan*. In that regard, the parties will have until fourteen days following the Supreme Court's decision to file supplemental petitions for rehearing in light of *Booker* and *Fanfan*.