**UNITED STATES of America,
Appellee,**

v.

**Carlos SILVERIO, aka Chibo, Roberto Rodriguez, aka Memelo, Anna Silvia Cuero–Paredes, aka Gorda, William J. Aparicio, Carlos Astuvillo, aka Pepe, Jose Javier Valencia, aka Khaki, Francisco Bonila Solis, aka Rincon, Jean Tafur, Edwardo Suarez, aka Tio, Pascuala Rondon, aka Tia, Omar La-vado, Henry Prada, Angel Rosado Maldonado, Jose Lora, aka Bola, aka Bolita, Jose Luis Lora, aka Mancha, Edwin Rodriguez, aka Carl J. George, aka George Leguen, Defendants,**

**Jaime Angulo Salazar, Defendant–
Appellant.**

No. 03–1695.

United States Court of Appeals,
Second Circuit.

Dec. 17, 2004.

J. Scott Porter, Syracuse, NY, for Appellant.

Boyd M. Johnson III, Assistant United States Attorney (David N. Kelley, United States Attorney for the Southern District of New York, Peter G. Neiman, Assistant United States Attorney, on the brief), New York, NY, for Appellee.

Present: WALKER, Jr., Chief Judge, CARDAMONE, HALL, Circuit Judges.

## SUMMARY ORDER

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the judgment of said district court be and it hereby is AFFIRMED.

Defendant-appellant Jaime Angulo Salazar appeals from a judgment of conviction and sentence entered on October 29, 2003 in the United States District Court for the Southern District of New York (Kimba M. Wood, *Judge*), following his guilty plea. On appeal, Salazar argues that the district court erred in (1) applying a four-level aggravating role adjustment pursuant to § 3B1.1(a) of the United States Sentencing Guidelines; and (2) imposing a sentence that was unconstitutional in light of the Supreme Court's decision in *Blakely v. Washington*, —— U.S. ——, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004). Familiarity with the facts and proceedings below is assumed. We affirm.

We review the district court's factual findings with respect to a § 3B1.1 role adjustment for clear error, but review *de novo* the court's determination that these findings support the application of the adjustment. *See United States v. Si Lu Tian*, 339 F.3d 143, 156 (2003). Section 3B1.1(a) provides for a four-level enhancement "[i]f the defendant was an organizer or leader of a criminal activity that involved five or more participants or was otherwise extensive," although the defendant need only be an organizer or leader with respect to one other participant for the guideline to apply. *See id.* At a hearing conducted prior to sentencing, the government presented significant evidence that Salazar was involved in overseeing the distribution of cocaine, and that he recruited and controlled at least one other participant in the drug ring. That evidence included testimony by a cooperating witness who worked as a courier for Salazar, a recorded telephone conversation in which various individuals acted deferentially toward Salazar, and a drug ledger indicating that proceeds from persons distributing the cocaine had been delivered to him. The evidence showed, moreover, that Salazar was in a position in which he could require those distributors to prove to him that the police had in fact seized cocaine the distributors had been given to sell. In light of this evidence, we conclude that the district court did not err in applying § 3B1.1.

Salazar also challenges his sentence on the grounds that it is unconstitutional under the Supreme Court's decision in *Blakely v. Washington*. We recently decided, however, that we would adhere to the existing law of the Circuit until the Supreme Court determines that its reasoning in *Blakely* applies to the United States Sentencing Guidelines. *See United States v. Mincey*, 380 F.3d 102, 106 (2d Cir.2004). Thus, we affirm the sentence imposed on Salazar by the district court. *See, e.g., United States v. Thomas*, 274 F.3d 655, 664 (2d Cir.2001) (in banc).

For the reasons set forth above, the judgment of the district court is hereby AFFIRMED.

The mandate in this case will be held pending the Supreme Court's decision in *United States v. Booker*, —— U.S. ——, 125 S.Ct. 11, 159 L.Ed.2d 838 (2004) (*cert. granted*) (mem.), and *United States v. Fanfan*, —— U.S. ——, 125 S.Ct. 12, 159 L.Ed.2d 838 (U.S. *cert. granted* Aug. 2, 2004) (*cert. granted*) (mem.). Should any

party believe there is a special need for the district court to exercise jurisdiction prior to the Supreme Court's decision, it may file a motion seeking issuance of the mandate in whole or in part. Although any petition for rehearing should be filed in the normal course pursuant to Rule 40 of the Federal Rules of Appellate Procedure, the Court will not reconsider those portions of its opinion that address the defendant's sentence until after the Supreme Court's decision in *Booker* and *Fanfan*. In that regard, the parties will have until 14 days following the Supreme Court's decision to file supplemental petitions for rehearing in light of *Booker* and *Fanfan*.