**UNITED STATES of America,**
**Appellee,**

v.

**Martha Janet CAICEDO, Defendant–**
**Appellant.**

**No. 04–4764–CR.**

United States Court of Appeals,
Second Circuit.

Oct. 7, 2005.

Jesse M. Siegel, New York, New York, for Defendant–Appellant (on submission).

Carolyn Pokorny, Assistant United States Attorney (Roslynn R. Mauskopf, United States Attorney for the Eastern District of New York, on the brief, Jo Ann Navickas, Scott Klugman, Assistant United States Attorneys, of counsel), Brooklyn, New York, for Appellee (on submission).

Present: WESLEY, HALL, Circuit Judges, and TRAGER, District Judge.[1]

### AMENDED SUMMARY ORDER

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment is **AFFIRMED.**

---

1. The Honorable David G. Trager of the United States District Court for the Eastern Dis-

Martha Janet Caicedo appeals from a judgment of conviction entered in the United States District Court for the Eastern District of New York (Ross, *J.*) on August 25, 2004. Appellant was convicted, after a jury trial, of both counts of a two-count indictment charging her with (i) conspiring to rob a drug trafficker in Queens, New York, in violation of the Hobbs Act, 18 U.S.C. § 1951(a), and (ii) knowingly using a firearm during a crime of violence, in violation of 18 U.S.C. § 924(c)(1)(A). We assume familiarity by the parties as to the facts, the procedural context, and the specification of issues.

Caicedo challenges the admission of two plea allocutions in violation of the Sixth Amendment's Confrontation Clause. *See* U.S. CONST. amend VI. Because Caicedo made only a limited hearsay objection at trial, our review is for plain error. *See United States v. Bruno*, 383 F.3d 65, 78 (2d Cir.2004); *United States v. Dukagjini*, 326 F.3d 45, 60 (2d Cir.2003). This Court may vacate the conviction only if there is "(1) error, (2) that is plain, and (3) that affects substantial rights." *Bruno*, 383 F.3d at 78. Even where all three conditions are met, we will not exercise our discretion to notice the forfeited error unless "(4) the error seriously affect[ed] the fairness, integrity, or public reputation of judicial proceedings." *Id.* (alteration in original).

■ The first two conditions are met. First, admission of the allocutions was "error" under *Crawford v. Washington*, 541 U.S. 36, 124 S.Ct. 1354, 158 L.Ed.2d 177 (2004). *See Bruno*, 383 F.3d at 78; *United States v. McClain*, 377 F.3d 219, 222 (2d Cir.2004). Second, that error is "plain" at the time of appellate consideration. *See Bruno*, 383 F.3d at 78–79. The Government concedes these points.

trict of New York sitting by designation.

However, we find that the admission of the allocutions did not affect "substantial rights." An error affects substantial rights if it " 'is prejudicial and it affected the outcome of the district court proceedings.' " [2] *Bruno,* 383 F.3d at 79 (quoting *United States v. Thomas,* 274 F.3d 655, 668 (2d Cir.2001) (en banc)). " 'The erroneous admission of evidence is not harmless unless [we] can conclude with fair assurance that [the] evidence did not substantially influence the jury' " and " 'only if it is highly probable that it did not contribute to the verdict.' " *Id.* (quoting *United States v. Jean–Baptiste,* 166 F.3d 102, 108 (2d Cir.1999) (first alteration in original)). " 'In making this determination, we consider principally whether the [G]overnment's case against the defendant was strong; whether the evidence in question bears on an issue that is plainly critical to the jury's decision ...; whether the evidence was emphasized in the [G]overnment's presentation of its case and its arguments to the jury, and whether the case was close." *Id.* at 80 (quoting *Jean–Baptiste,* 166 F.3d at 108–09 (alteration in original)).

■ We conclude that admission of the allocutions did not contribute to the verdict. One question before the jury was whether drug proceeds were one object of the robbery. The defense argued that the sole object of the robbery was a prostitute's money and that Caicedo had merely speculated that drug proceeds might possibly be present as well. However, Caicedo's statement at the time of her arrest clearly revealed that Caicedo believed that the prostitute had brothers involved in the drug trade and stored the proceeds of their drug enterprise at her apartment. Furthermore, Caicedo's counsel, recognizing the strength of the Government's case, conceded her participation in the robbery. The Government's brief reference to the allocution in its summation to the jury on this charge does not alter our view that the error was harmless.

■ For similar reasons, we conclude that the derivative § 924(c)(1)(A) conviction,[3] must also be sustained. The jury determined that Caicedo could have reasonably foreseen the use of a gun in the robbery. On this point, too, the Government's case was strong. Its evidence included admissions made by Caicedo to confidential informants and an appeal to common sense—that, because of the nature of the planned robbery, guns would be used. Furthermore, the record shows that during deliberations the jury examined records of the defendant's statements as well as the statements or memos of the DEA agents, but never requested any testimony concerning the pleas.

Lastly, Caicedo moves for a remand pursuant to *United States v. Crosby,* 397 F.3d 103 (2d Cir.2005) if her appeal is denied and her conviction upheld. That motion is granted and the matter remanded to the district court for the purpose of determining whether, in light of the Supreme Court's ruling in *United States v. Booker,* 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), the district court

---

2. Because we reach our conclusion under the more exacting standard applicable to error that is "non-structural" and where the burden is on the defendant to prove plain error prejudice, we do not need to address here whether a violation of *Crawford* is structural or nonstructural, *see Bruno,* 383 F.3d at 79, or whether our modified plain error rule noted in *United States v. Thomas,* 274 F.3d at 668 n.

15, has been implicitly overruled by *Johnson v. United States,* 520 U.S. 461, 117 S.Ct. 1544, 137 L.Ed.2d 718 (1997). *See Bruno,* 383 F.3d at 79 & n. 8.

3. Section 924(c)(1)(A) requires relation to "any crime of violence or drug trafficking crime ... for which the person may be prosecuted in a court of the United States...."

would have given a nontrivially different sentence under the *Booker* regime.

Any appeal taken from the district court decision following this remand, and resentencing, if it occurs, can be initiated only by filing a new notice of appeal. *See* Fed. R.App. P.3, 4(b). A party will not waive or forfeit any appropriate argument on remand or on any appeal post-remand by not filing a petition for rehearing of this remand order.

For the reasons set forth above, the judgment of the district court is hereby AFFIRMED and the case is remanded for further proceedings consistent with this order.