SUMMARY ORDER
Defendant-Appellant Joseph Zito appeals from a judgment of the United States District Court for the Southern District of New York (Kram, J.) convicting Zito of attempting to entice a minor to engage in sexual activity in violation of 18 U.S.C. § 2422(b). We assume the parties’ familiarity with the underlying facts, procedural history, and scope of issues on appeal.
Zito’s main contention is that the District Court’s jury instruction stating Zito had a “deep personal interest in the outcome of the case” which “create[d] a motive for false testimony” was improper in light of our supervening decision in United States v. Brutus, 505 F.3d 80 (2d Cir.2007). Zito failed to object to the jury instruction in question. Both Zito and the government acknowledge the continuing existence of uncertainty in our Circuit’s law over whether this failure to object in combination with a relevant supervening decision triggers plain error or modified plain error review.
On plain error review, a defendant is required to show “(1) error, (2) that is plain, and (3) that affects substantial rights.” Johnson v. United States, 520 U.S. 461, 466-467, 117 S.Ct. 1544, 137 L.Ed.2d 718 (1997) (internal quotation marks omitted). If these conditions are met, an appellate court may exercise discretion in recognition of the forfeited error if the error “seriously affects the fairness, integrity, or public reputation of judicial proceedings.” Id. at 467, 117 S.Ct. 1544 (internal quotation marks omitted). By contrast, on modified plain error review, it is the government, not the defendant, that bears the burden of showing that a substantial right has not been affected by the error. United States v. Thomas, 274 F.3d 655, 668 n. 15 (2d Cir.2001). Moreover, if the error is of constitutional magnitude, Zito contends that the government must demonstrate that the error is harmless beyond a reasonable doubt. Chapman v. California, 386 U.S. 18, 24, 87 S.Ct. 824, 17 L.Ed.2d 705 (1967).
We need not resolve these review issues at this time because we conclude that under either standard, Zito’s appeal fails. In light of the government’s overwhelming evidence of Zito’s guilt, we are confident that the erroneous jury instruction did not *900 contribute to the conviction. As a result, the government has met its burden of showing the error did not affect Zito’s substantial rights.
At trial, Zito contended that he was “role-playing” and at all times he thought “Julie” was an adult, yet his own words, as captured in the transcripts of the instant messages and the telephone call, show that Zito was seeking to and believed he was communicating with a minor. For example, during his first encounter with “Julie” in the chat room, Zito inquired almost immediately over instant message about “Julie’s” age and whether she had “tits.” He had extensive discussions with “Julie” about her relationship with her parents, and offered counsel on how “Julie” might lie to her mother about the source of gifts that Zito told “Julie” he would give her. Zito asked about and discussed “Julie’s” grades. He asked questions about how much time “Julie” would have for a meeting in light of her school schedule and mother’s activities. He promised to be “Julie’s” friend in addition to her sexual partner. He asked “Julie” to stop using on-line chat rooms to prevent others from interfering with the relationship he sought to create with her. Finally, Zito repeatedly showed concern that his discussion of sex and a sexual encounter and relationship with “Julie” would cause problems for him.
Based on the volume of evidence the government adduced that Zito believed he was communicating with a minor, we conclude that the erroneous jury instruction was harmless beyond a reasonable doubt. We have considered Appellants’ other contentions and find them to be without merit.
The judgment of the District Court is AFFIRMED.