*624 SUMMARY ORDER
Caonabo Vargas appeals from a judgment of conviction entered January 18, 2008, following a jury trial, of one count of conspiring to commit Hobbs Act robberies between 2000 and 2003, in violation of 18 U.S.C. § 1951, and one count of conspiring to distribute cocaine, heroin, and marijuana between 2000 and 2003, in violation of 21 U.S.C. § 846. On appeal, Vargas argues that the district court erred in (1) instructing the jury on the interstate commerce element of the Hobbs Act count, and (2) admitting recorded statements by a confidential informant. We assume the parties’ familiarity with the underlying facts, procedural history, and specification of issues for review.
One element of an offense under the Hobbs Act is “an effect on interstate commerce....” United States v. Parkes, 497 F.3d 220, 227 (2d Cir.2007). In this case, the district court instructed the jury that “[ujnder the law, all illegal drug activity, even if it is purely local in nature, has an effect on interstate commerce. Therefore, if you find that the object of the robbery at issue was to obtain illegal drugs, or money earned from the sale of the drugs, this element is satisfied.” After the district court gave this jury charge, we held in Parkes that, contrary to our prior precedent, “the Hobbs Act requires the jury to determine, beyond a reasonable doubt, whether the conduct affected, or would have affected, interstate commerce.” and therefore, the district court in that case properly refused to instruct the jury that it could presume an effect on interstate commerce if the object of the robbery was illegal drugs or the proceeds of the sale of illegal drugs. Id. at 230 (overruling United States v. Fabian, 312 F.3d 550 (2d Cir.2002)). The government does not, for purposes of this appeal, defend the district court’s jury instruction on the interstate element of the Hobbs Act.
Even where the source of an error is a supervening judicial decision, we will not reverse unless the error affected a defendant’s substantial rights. See, e.g., United States v. Hardwick, 523 F.3d 94, 98 & n. 4 (2d Cir.2008).[1] “An error affects a defendant’s substantial rights if it is prejudicial and it affected the outcome of the district court proceedings.” United States v. Thomas, 274 F.3d 655, 668 (2d Cir.2001) (en banc) (quotation marks omitted).
The government argues that the evidence at trial demonstrated that Vargas “attempt[ed] or conspire[d]” to engage in robbery affecting interstate commerce in violation of 18 U.S.C. § 1951(a). A cooperating witness testified that Vargas tipped him off as to the location of 300 kilograms of narcotics in New Jersey, and a crew in fact traveled across state-lines intending to complete the robbery. Another confidential informant also testified at trial that Vargas had provided him with a tip regarding the location of cocaine that had been transported from Mexico. The interstate element of a Hobbs Act violation is “de minimis.” Parkes, 497 F.3d at 230. “Even a potential or subtle effect on commerce will suffice.” Id. (quotation marks omitted).
Vargas “does not challenge of the sufficiency of the evidence underlying his conviction,” on the Hobbs Act count; “[rjather, he asserts that the state of the record is such only because the law in this Circuit at the time of trial precluded him from factually contesting that element.” Appellant’s Br. at 13. Vargas argues that *625 he would have engaged in more searching cross-examination on this issue at trial had he been aware of the ability to contest factually the interstate commerce element. But Vargas had every incentive and opportunity to cross-examine the cooperating witnesses at trial for any inconsistencies in them testimony, and does not now present any ai’gument suggesting any facts that would undermine their testimony. “[W]here the effect of an error on the result in the district court is uncertain ... indeterminate or only speculative, we cannot conclude that appellant’s substantial rights have been affected.” Lombardozzi 491 F.3d at 74 (quotation marks omitted).
We reject Vargas’ argument that we may not apply harmless error review because the error implicated his Sixth Amendment right to put evidence before the jury and cross-examine witnesses. See, e.g., Delaware v. Van Arsdall, 475 U.S. 673, 680-84, 106 S.Ct. 1431, 89 L.Ed.2d 674 (1986) (applying harmless error review to restriction on a defendant’s right to cross-examine a witness in violation of the Sixth Amendment). Vargas has not identified any “structural defect affecting the framework within which the trial proceeds” requiring automatic reversal, such as denial of the right to counsel. Arizona v. Fulminante, 499 U.S. 279, 310, 111 S.Ct. 1246, 113 L.Ed.2d 302 (1991).
Vargas also argues that the district court erred in admitting recorded conversations between Vargas and a confidential informant. In those recordings, (1) Vargas admitted to dealing cocaine and heroin, and (2) Vargas offered to help the confidential informant’s boyfriend to post bail and flee the country. Vargas argues that the recordings were irrelevant, because neither the confidential informant, nor her boyfriend, were involved in the conspiracies charged in the Indictment, and the statements were therefore inadmissible evidence of other crimes under Rule 404(b) of the Federal Rules of Evidence.
We review a district court’s determinations on admissibility of evidence for abuse of discretion. United States v. Taubman, 297 F.3d 161, 164 (2d Cir.2002) (per curiam). Evidence of uncharged conduct “is admissible under Federal Rules of Evidence 404(b) and 403 if it is relevant to an issue at trial other than the defendant’s character, and if its probative value is not substantially outweighed by the risk of unfair prejudice.” United States v. Williams, 205 F.3d 23, 33 (2d Cir.2000) (quotation marks omitted).
We find no abuse of discretion in the district court’s decision to admit the recordings. Vargas’ general statements on drug dealing bear directly on the drug conspiracy charged in the Indictment and on Vargas’ testimony at trial that he had never sold drugs. Vargas statements on bail bear on the allegation in the Indictment that Vargas provided assistance with bail money to individuals engaged in the charged Hobbs Act conspiracy. As to Vargas’ specific statements on drug dealing and the bail scheme, which were outside of the charged conspiracy, any prejudicial effect was mitigated by the court’s instruction that no such crimes had been charged in the case. Moreover, as Vargas concedes, “[t]he testimony of the co-conspirators was unequivocal with respect to Appellant’s alleged participation in both conspiracies charged.” Appellant’s Br. at 27. Therefore, any error was harmless.
Accordingly, the judgment of the district court hereby is AFFIRMED.

. We need not decide whether to “employ[ ] a modified plain error standard whereby the government bears the burden of proving that the error did not affect the defendant's substantial rights,” because the outcome is the same regardless of which side has the burden of proof in this case. United States v. Lombardozzi, 491 F.3d 61, 74 n. 4 (2d Cir.2007).