**UNITED STATES of America,**
**Appellee,**

v.

**Karl WALTERS, Also Known as**
**Sherman Findlay, Defendant–**
**Appellant.**

**No. 08–0481–cr.**

United States Court of Appeals,
Second Circuit.

March 19, 2009.

Michael Sande (Daniel A. Hocheiser, on the brief), New York, N.Y., for Defendant–Appellant.

Elizabeth S. Riker (Richard R. Southwick, on the brief), for Andrew T. Baxter, Acting United States Attorney for the Northern District of New York, Syracuse, N.Y., for Appellee.

Present: Hon. JOSEPH M. McLAUGLHLIN and Hon. RICHARD C. WESLEY, Circuit Judges, Hon. LEONARD B. SAND, District Judge.*

## SUMMARY ORDER

On August 17, 1994, Appellant Karl Walters ("Appellant"), under the name Sherman Findlay, pleaded guilty in the Northern District of New York (Scullin, *J.*) to intentionally and knowingly possessing cocaine base with intent to distribute in violation of 21 U.S.C. § 841(a)(1). As a factual basis for the plea, Appellant admitted to possession of approximately 55 grams of a substance including cocaine base. The plea agreement provided that Appellant understood that his maximum jail sentence would be 40 years and that the sentencing court would be required to follow the United States Sentencing Guidelines (the "Guidelines"). No minimum sentence was mentioned in the agreement, but the parties agreed that the sentencing would be governed by the Guidelines, which according to the agreement established a base offense level of 32 pursuant to Guidelines § 2D1.1(c)(6), the provision covering possession of 50 to 150 grams of cocaine base. There was to be a one-point reduction for acceptance of responsibility provided Appellant fulfilled his obligations under the agreement. Appellant further agreed to cooperate with the authorities in their in-

---

* The Honorable Leonard B. Sand, United States District Court for the Southern District of New York, sitting by designation.

vestigations of certain illicit drug-related activities, and the United States Attorney, in turn, agreed to advise the sentencing court of the extent to which Appellant cooperated and to consider moving for a downward departure in sentencing provided Appellant's cooperation was substantial. Appellant indicated in the plea agreement that he understood all final sentencing decisions would be made by the sentencing court. At the plea hearing, he told the court that he knew the court would be unable to determine what Guidelines would apply until it had receive a presentence report from the probation department, and that the court would be able to depart from the minimum or maximum Guidelines sentence.

Appellant fled the jurisdiction after was released on his own recognizance pending sentencing. He was not apprehended until March 2006, when he was arrested by the U.S. Border Patrol and the Sheriff's Department of Hudspeth County, Texas, at a border control checkpoint, traveling under yet another assumed name, Anthony Anderson. At the sentencing hearing on January 17, 2008, Judge Scullin adopted the factual findings of the July 2006 presentence report,[1] which indicated a total offense level of 34 pursuant to the 2005 version of the Guidelines, including a two-point upward adjustment for obstruction of justice, a criminal history category VI, and a Guidelines imprisonment range of 262 to 327 months. However, the court applied a total offense level of 32—the base level for possession of 50 to 150 grams of cocaine base pursuant to Guidelines § 2D1.1(c)(4)—and then bumped Appellant down to a criminal history category V because he had not been arrested in the twelve years between the plea and the sentencing. The consequent Guidelines range was 188 to 235 months. The court imposed a sentence of 188 months imprisonment, five years of supervised release, and a $50 special assessment. Although the presentence report also noted that the statutory range of Appellant's prison sentence was ten years to life under 21 U.S.C. § 841(b)(1)(A), because he was convicted of possession of 50 grams or more of a substance containing cocaine base, defendant never objected to the inclusion of this provision and the government argued for a sentence within the Guidelines range recommended by the report.

Appellant argues that his plea was not knowing and voluntary because the district court, in violation of Federal Rule of Criminal Procedure 11, did not inform him at his 1994 plea hearing that the statutory range of his prison sentence was ten years to life under 21 U.S.C. § 841(b)(1)(A). The district court also understated the amount of the statutory fine to which Appellant might be subject.

Because Appellant did not raise this Rule 11 argument below, he must demonstrate that the district court committed plain error in accepting his plea and that this error affected his substantial rights. *United States v. Dominguez Benitez*, 542 U.S. 74, 83, 124 S.Ct. 2333, 159 L.Ed.2d 157 (2004); Fed.R.Crim.P. 52(b). It is undisputed that no specific drug quantity was charged in the criminal information, a requirement under *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), where, as here, the fact of a certain drug quantity leads to a higher statutory minimum sentence. *See United States v. Thomas*, 274 F.3d 655, 659–60 (2d Cir.2001) (en banc). Appellant did, however, admit to possession of approximately 55

---

1. We note that Appellant never objected to the factual content or calculations contained in the presentence report.

grams of a substance containing cocaine base in his plea agreement,[2] and it is undisputed that he was not informed of the higher statutory sentencing range that would apply as a consequence of this admission.

Under *Apprendi* and its progeny, because Appellant was not charged with possessing a specific quantity of an illicit drug, he was not charged with the aggravated offense that would have led to the higher ten-year minimum and life maximum sentences under 21 U.S.C. § 841(b)(1)(A). *See United States v. Gonzalez*, 420 F.3d 111, 125 (2d Cir.2005). As a result, he pleaded guilty only to the non-aggravated version of the offense, which does not require a specific drug quantity to be alleged or found. *See id.* at 131; 21 U.S.C. § 841(b)(1)(C). At the time of Appellant's sentencing, the applicable statutory sentencing range for a non-aggravated section 841 violation involving cocaine base was zero to twenty years imprisonment. 21 U.S.C. § 841(b)(1)(C). Because there was no statutory minimum applicable at the time of sentencing, there was no related Rule 11 violation at the time of the guilty plea. The government admits to Rule 11 error with respect to the statutory maximum sentence—forty years in the plea agreement and twenty years at the time of sentencing—but correctly contends that Appellant has not "demonstrate[d] that the misinformation mattered." *United States v. Westcott*, 159 F.3d 107, 113 (2d Cir. 1998).

Appellant submits multiple pro se briefs containing arguments counsel declined to pursue. We have considered these and find them to be without merit. Accordingly, for the reasons set forth above, the judgment of the district court is hereby **AFFIRMED.**

**2.** The government mistakenly asserts that Appellant did not admit to possession of a specific drug quantity, but the text of the plea agreement itself explicitly contradicts this.