10-1248(L)
United States v. Pryor

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this court's Local Rule 32.1.1. When citing a summary order in a document filed with this court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, at 500 Pearl Street, in the City of New York, on the 17th day of April, two thousand twelve.

Present:    ROBERT A. KATZMANN,
            REENA RAGGI
                    *Circuit Judges*,
            JED S. RAKOFF
                    *District Judge*.[*]

_____

UNITED STATES OF AMERICA,

                    *Appellee*,

            - v -                     Nos. 10-1248(L), 10-2808 (CON)

DOLPHUS PRYOR, MARCEL BULLOCK,
                    *Defendants-Appellants*.

_____

For Defendant-Appellant Dolphus
Pryor:                          JESSE M. SIEGEL, New York, N.Y.


For Defendant-Appellant Marcel
Bullock:                        MARSHA R. TAUBENHAUS, New York, N.Y.

_____

[*] The Honorable Jed S. Rakoff, United States District Judge for the Southern District of New York, sitting by designation.

For Appellee:                        PAUL D. SILVER (Robert A. Sharpe, *on the brief*),
Assistant United States Attorneys, *for* Richard S.
Hartunian, United States Attorney for the Northern
District of New York, Albany, N.Y.

Appeal from the United States District Court for the Northern District of New York (Kahn, *J.*).

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED,**

**AND DECREED** that the judgment of the district court is **VACATED** and the case is

**REMANDED** for further proceedings.

Defendants-Appellants Dolphus Pryor ("Pryor") and Marcel Bullock ("Bullock")

(collectively, the "defendants") appeal from judgments of conviction entered on March 22, 2010,

and June 2, 2010, respectively.  Following a joint jury trial, both defendants were convicted of

conspiracy to obstruct commerce by robbery or attempted robbery, in violation of 18 U.S.C. §

1951(a).[1]  On appeal, defendants argue*, inter alia*, that:  (1) the indictment was constructively

amended, thereby denying them of their Fifth Amendment right to be indicted by a grand jury;

(2) the government failed to present any competent evidence to support the interstate commerce

element of the charged offense; and, (3) the district court erred by admitting Bullock's pre-arrest

statement into evidence.[2]  We find that the convictions must be vacated because the constructive

---

[1] 18 U.S.C. § 1951(a) provides, in pertinent part, that:

> Whoever in any way or degree obstructs, delays, or affects commerce or the
> movement of any article or commodity in commerce, by robbery . . . or attempts
> or conspires so to do . . . shall be fined under this title or imprisoned not more
> than twenty years, or both.

*Id.*

[2] In Bullock's opening brief, he incorporated by reference the arguments Pryor raised on appeal.  And, by letter dated April 4, 2011, Pryor joined in the arguments raised in Bullock's

2

amendment of the indictment constituted plain error.[3]  In addition to stating our reasons for this

conclusion, we address those issues that the district court will necessarily encounter on remand.[4]

We assume the parties' familiarity with the underlying facts and procedural history of this case.

We first consider defendants' claim that the indictment was constructively amended.  It is

undisputed that the indictment only charged Pryor and Bullock with conspiracy to commit or

attempt to commit a Hobbs Act robbery.  Further, the government concedes that the jury was

instructed exclusively on the elements of the underlying substantive offenses.  Still, the

government argues that this Court should not exercise its discretion to correct this error.  We

disagree.

Where, as here, a defendant fails to raise a constructive amendment claim in the district

court, this Court will review only for plain error.  *United States v. Vebeliunas*, 76 F.3d 1283,

1291 (2d Cir. 1996).  "To establish plain error, the Court must find 1) an error, 2) that is plain, 3)

that affects substantial rights."  *United States v. Gordon*, 291 F.3d 181, 191 (2d Cir. 2002).  In

brief pursuant to Federal Rule of Appellate Procedure 28(i).

[3] On July 13, 2011, the government moved to vacate the defendants' convictions and to remand the case on the grounds that the constructive amendment of the indictment during trial amounted to plain error (the "July 13 Motion").  By Order dated November 15, 2011, this Court referred the government's July 13 Motion to the Merits Panel and instructed the government to address several questions, including:  (1)  whether the indictment "charged both a Hobbs Act conspiracy and attempt offense, or a Hobbs Act robbery, conspiracy, and attempt offense, in the single count"; and (2) whether any error that occurred "seriously affected the fairness, integrity, or public reputation of the judicial proceedings."  On December 15, 2011, the government filed its brief in opposition to the defendants' appeal, in which it requests that the "Court deem the government's motion to remand this matter withdrawn."  Gov't Br. 22 n.8.  In light of our decision here, we deny the July 13 Motion as moot.

[4] By contrast, we decline to address those issues which may not arise on remand, *i.e.* the defendants' arguments that they were denied their Sixth Amendment rights to confront the witnesses against them and to be tried by an impartial jury drawn from a fair cross-section of the community.

3

this Circuit, a "constructive amendment is . . . *per se* prejudicial" for the purpose of the third prong of plain error review. *United States v. Thomas*, 274 F.3d 655, 670 (2d Cir. 2001) (en banc). If the first three elements of the plain error test are met, the "Court engages in a fourth consideration: whether or not to exercise its discretion to correct the error." *Gordon*, 291 F.3d at 191. "[P]lain error should be corrected only if it seriously affects the fairness, integrity, or public reputation of judicial proceedings." *Id.* (internal quotation marks omitted).

In this case, the government acknowledges that it committed error, that this error was plain, and that under this Circuit's precedent, the error was presumptively prejudicial. Nevertheless, the government contends that the defendants' convictions should be affirmed because defendants cannot "demonstrate that the constructive amendment here seriously affected the fairness, integrity, or public reputation of the proceedings below." Gov't Br. 22. Specifically, the government argues that nothing unfair transpired because, "[a]lthough the indictment charged only a conspiracy to commit both a Hobbs Act robbery and an attempt, [defendants were] convicted of at least one of the objects of that very conspiracy, either the robbery or the attempt to commit the robbery." *Id.* This argument lacks merit because it disregards the long-recognized role of indictments as limiting a defendant's "jeopardy to offenses charged by a group of his fellow citizens acting independently of either prosecuting attorney or judge." *Stirone v. United States*, 361 U.S. 212, 218 (1960); *Sanabria v. United States*, 437 U.S. 54, 65-66 (1978) ("The precise manner in which an indictment is drawn cannot be ignored, because an important function of the indictment is to ensure that, 'in case any other proceedings are taken against [the defendant] for a similar offen[s]e, . . . the record [will] sho[w] with accuracy to what extent he may plead a former acquittal or conviction.'") (quoting *Cochran*

4

*v. United States*, 157 U.S. 286, 290 (1895)); *accord United States v. McCourty*, 562 F.3d 458, 470 (2d Cir. 2009). Indeed, the government's brief fails to identify any reason why this Court should conclude that the constructive amendment here did not undermine these important protections, thereby affecting the "fairness, integrity, or public reputation of judicial proceedings," *Gordon*, 291 F.3d at 191.[5] Accordingly, we vacate the defendants' convictions.

We turn next to the defendants' argument that the government failed to present any competent evidence to support the interstate commerce element of the charged offense. It is not contested that Samuel Mercado's expert testimony was the only evidence from which the jury could have inferred that the interstate commerce element of the Hobbs Act had been proven. Thus, the defendant's sufficiency argument turns on whether Mercado's testimony was competent. Specifically, defendants contend that: (1) the district court should not have permitted Mercado to testify as an expert under Federal Rule of Evidence 702; and (2) assuming Mercado is an expert on some subjects, the district court erred by allowing him to testify on topics outside the scope of his expertise, *United States v. Mejia*, 545 F.3d 179, 190-91 (2d Cir. 2008). These arguments lack merit.

While we review a district court's denial of a Federal Rule of Criminal Procedure 29 motion *de novo*, *United States v. Amico*, 486 F.3d 764, 780 (2d Cir. 2007), we only review a district court's decision to admit expert testimony for abuse of discretion, *United States v. Lopez*,

---

[5] The government analogizes this case to *United States v. Brandao*, 539 F.3d 44 (1st Cir. 2008). *Brandao*, however, is distinguishable as it is based on the third element of the plain error analysis – prejudice. *See id.* at 63. Only dicta in *Brandao* suggests that the First Circuit believed that the defendant's claim would also fail under the fourth prong of the plain error test. *Id.* Moreover, unlike the First Circuit, we must presume that constructive amendment of an indictment substantially affects a defendant's rights. *Thomas*, 274 F.3d at 670-71.

5

547 F.3d 364, 372 (2d Cir. 2008).  Under Federal Rule of Evidence 702, expert testimony based on "scientific, technical, or other specialized knowledge" is admissible "in the form of an opinion or otherwise," so long as the witness is "qualified as an expert" and (1) "the testimony is based on sufficient facts or data," (2) "the testimony is the product of reliable principles and methods," and (3) "the expert has reliably applied the principles and methods reliably to the facts of the case."  *Id.*

The district court did not abuse its discretion in finding that Mercado was qualified to testify as an expert on the origins of the cocaine being sold in the United States.  Mercado has an impressive background in narcotics law enforcement and substantial firsthand knowledge of the drug trade.  Moreover, without Mercado's testimony, an average juror might not have understood that the cocaine involved in this offense necessarily came from abroad.  Indeed, in *United States v. Parkes*, 497 F.3d 220 (2d Cir. 2007), a case on which defendants rely, we found the government's proof of the interstate element of a Hobbs Act offense to be sufficient where an "experienced narcotics investigator" testified "that marijuana 'is almost exclusively trucked into the United States, predominately through Mexico' and that '[v]ery little' marijuana is grown in New York."  *Id.* at 231.

Finally, we consider whether the district court erred by allowing the government to introduce into evidence Bullock's pre-arrest statement.  Bullock argues that this statement was not voluntarily given because the law enforcement agents with whom he was speaking told him that they were not interested in pursuing robbery charges and that he was not going to be arrested.  "When reviewing a district court's ruling on a motion to suppress evidence, we review the court's factual findings for clear error, viewing the evidence in the light most favorable to the

6

government.  The district court's legal conclusions are reviewed *de novo*."  *United States v. Worjloh*, 546 F.3d 104, 108 (2d Cir. 2008) (per curiam).  "Whether a confession is a product of coercion may only be determined after a careful evaluation of the totality of all the surrounding circumstances, including the accused's characteristics, the conditions of interrogation, and the conduct of law enforcement officials."  *United States v. Anderson*, 929 F.2d 96, 99 (2d Cir. 1991).  "Ploys to mislead a suspect or to lull him into a false sense of security that do not rise to the level of compulsion or coercion to speak are not within *Miranda*'s concerns."  *Illinois v. Perkins*, 496 U.S. 292, 296 (1990).  However, "the Supreme Court has found that affirmative misrepresentations by the police may be sufficiently coercive to invalidate a suspect's waiver of the Fifth Amendment privilege."  *Anderson*, 929 F.2d at 100.

The district court did not err in concluding that Bullock's pre-arrest statement was voluntarily given.  As the district court found, to the extent law enforcement officers told Bullock that they were primarily interested in investigating a double homicide rather than crack house robberies, those statements were true.  Additionally, nothing in the record indicates that Bullock was promised that he would never be charged with an offense or that his statement would not be used against him.  Instead, the investigating officials advised Bullock that he would not be arrested that day and, in accordance with that representation, Bullock was returned to his residence following his interview.  In short, Bullock's pre-arrest statement is not rendered involuntary based on representations law enforcement officials made concerning the priority they assigned to their various investigations.

Accordingly, for the foregoing reasons, the judgment of the district court is hereby

**VACATED** and the case is **REMANDED** for further proceedings consistent with this Order.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK