12-186-cr(L)
United States of America v. Plaurent Cela, Skender Cakoni, AKA Neri

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

### SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 22nd day of August, two thousand thirteen.

PRESENT: PIERRE N. LEVAL,
RICHARD C. WESLEY,
PETER W. HALL,
*Circuit Judges.*

---

UNITED STATES OF AMERICA,

*Appellee,*

-v.-                                    Nos. 12-186-cr (L)
                                             12-1888-cr(Con)

ELTON SEJDARIS, AKA TONY, ERKLIANT SULA, SHKELZEN BALIDEMAJ, GJOVALIN BERISHA, AKA CUZ, DUKAJIN NIKOLLAJ, AKA DUKE, NAZIH NASSER, AKA NAZ, GENTIAN NIKOLLI, AKA GENTI, VISI LNU, GENTIAN CARA, ALBERT TAMALI, AKA BERTI, AKA DANIEL WEISS, JOANNA PAKULSKI, MARJAN TAMALI, ALMIR RRAPO, AKA MIRI, FLORIAN VESHI, BRUNO KRASNIQI, SAIMIR KRASNIQI, AKA SAMMY,

*Defendants,*

PLAURENT CELA, SKENDER CAKONI, AKA NERI,

*Defendants - Appellants.*

---

FOR APPELLANT       FRANK HANDELMAN (Tatia D. Barnes, *on the*
PLAURENT CELA:      *brief*), Law Offices of Frank Handelman,
                    New York, NY.

FOR APPELLANT       STEPHANIE M. CARVLIN, Law Office of
SKENDER CAKONI:     Stephanie Carvlin, New York, NY.

FOR APPELLEE        CHI T. STEVE KWOK, Assistant United
UNITED STATES       States Attorney (Jennifer G. Rodgers,
OF AMERICA:         Assistant United States Attorney, *on the
                    brief*), *for* Preet Bharara, United States
                    Attorney for the Southern District of New
                    York, New York, NY.

Appeal from the United States District Court for the Southern District of New York (Holwell and Forrest, *JJ.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the judgments of the district courts are **AFFIRMED.**

Plaurent Cela and Skender Cakoni appeal from judgments of conviction entered in the United States District Court for the Southern District of New York following a jury trial. Cakoni also appeals from his sentence. We assume the parties' familiarity with the underlying facts and history of the case, as well as the issues on appeal.

Defendants challenge the admission of prior consistent statements at trial. However, Defendants' date-by-date inquiries regarding when Parid Gjoka had shared information with government investigators, along with language during

2

opening and closing statements, suggested that Gjoka recently fabricated the story to which he testified. The defense "was attempting to impeach [the witness], specifically by suggesting that his trial testimony . . . was a recent fabrication. Once [the defendant was] allowed to raise that inference, the district court was well within its discretion to allow a . . . statement, consistent with the trial testimony, to be introduced to rebut the charge that [the witness's] trial testimony was recently fabricated." *United States v. Burden*, 600 F.3d 204, 230 (2d Cir. 2010).

Defendants challenge evidence that Cakoni had lent Gjoka a car to facilitate a drug trade prior to Cakoni's full-fledged involvement in the Gjoka drug distribution conspiracy. This was direct evidence of the charged conduct and was not inflammatory in context. *See United States v. Baez*, 349 F.3d 90, 94 (2d Cir. 2003) (*per curiam*). Any prejudice resulting from the tactical decision of Cakoni's counsel to admit stipulations about unrelated crimes for the purpose of impeaching Gjoka is irrelevant.

Cakoni alleges constructive amendment and prejudicial variance of his charging document; however, the jury

3

convicted him of the gun and conspiracy crimes with which he was charged. *Cf. United States v. Thomas*, 274 F.3d 655, 670 (2d Cir. 2001) (*en banc*). There was ample evidence of Cakoni's use of firearms during June and July 2005; proof that he also used firearms at times not included in the indictment did not prejudice him. Cakoni's argument that Lonka's death severed one conspiracy into two lacks support in the record, which indicates that after the funeral, "[t]he Gjoka Crew's marijuana operations [] soon resumed, albeit not to the same extent as before." Cakoni App'x 82. *See United States v. Williams*, 205 F.3d 23, 33 (2d Cir. 2000).

There was no prosecutorial misconduct in this case. Although Cakoni points to dozens of instances of vivid, violent testimony, he was on trial for his role as an enforcer in a large narcotics conspiracy. Many of these instances were directly relevant to his guilt. *United States v. Matera*, 489 F.3d 115, 121 (2d Cir. 2007). The fact that Gjoka's testimony was not always consistent with earlier statements does not prove that the government suborned perjury. *United States v. Joyner*, 201 F.3d 61, 82 (2d Cir. 2000). Finally, although he contests the government's summation, Cakoni did not object at trial and

4

has not shown a "flagrant abuse." *United States v. Zichettello*, 208 F.3d 72, 103 (2d Cir. 2000).

Cakoni's sentencing was also proper. First, Judge Forrest was well within her discretion in considering, for well-articulated reasons, Cakoni's protestations of innocence to be an indication of likely recidivism. The district court did not punish Cakoni for failing to confess to uncharged conduct, *cf. United States v. Oliveras*, 905 F.2d 623, 628 (2d Cir. 1990) (*per curiam*); "any suggestion that it was thus improper-and an abuse of discretion-for the district judge to take [Cakoni's] protestations of innocence into account in the sentencing equation is without merit." *United States v. Li*, 115 F.3d 125, 135 (2d Cir. 1997). The district court's consideration of Cakoni's voluntary decision to make remarks that the district court reasonably interpreted as lies did not violate Cakoni's right to remain silent.

Second, any errors in strict compliance with the procedures that 21 U.S.C. § 851(b) outlines were harmless. Cakoni's prior conviction was too old to be challenged on the merits and, before notice was required, he foreclosed the identity defense by admitting evidence of the dates of his incarcerations. 21 U.S.C. § 851(b), (e).

5

We have considered all of Defendants' arguments and find them to be without merit.  For the reasons stated above, the judgment of the district court is **AFFIRMED**.

                                        FOR THE COURT:
                                        Catherine O'Hagan Wolfe, Clerk