14-2394-cr
United States v. Balboa

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 18ᵗʰ day of November, two thousand fifteen.

PRESENT: DENNIS JACOBS,
         PIERRE N. LEVAL,
         GERARD E. LYNCH,
                   <u>Circuit Judges</u>.

- - - - - - - - - - - - - - - - - - - - -X
UNITED STATES OF AMERICA,
         <u>Appellee</u>,

         -v.-                                    14-2394

MICHAEL BALBOA,
         <u>Defendant-Appellant</u>.
- - - - - - - - - - - - - - - - - - - - -X

FOR APPELLANT:            Malvina Nathanson, New York, New York.

FOR APPELLEE:             Jason H. Cowley (with Michael A. Levy <u>on the brief</u>) <u>for</u> Preet Bharara, United States Attorney for the Southern District of New York, New York, New York.

1

Appeal from a judgment of the United States District Court for the Southern District of New York (Crotty, J.).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the judgment of the district court be **AFFIRMED.**

Michael Balboa appeals from the judgment of the United States District Court for the Southern District of New York (Crotty, J.), convicting and sentencing Balboa to 48 months' imprisonment for conspiracy to commit securities fraud, securities fraud, conspiracy to commit wire fraud, wire fraud, and investment advisor fraud. We assume the parties' familiarity with the underlying facts, the procedural history, and the issues presented for review.

**1.** Balboa challenges the sufficiency of the evidence supporting the conspiracy counts. "A defendant challenging the sufficiency of the evidence bears a heavy burden, because the reviewing court is required to draw all permissible inferences in favor of the government and resolve all issues of credibility in favor of the jury verdict." United States v. Kozeny, 667 F.3d 122, 139 (2d Cir. 2011). "The traditional deference accorded to a jury's verdict 'is especially important when reviewing a conviction for conspiracy . . . because a conspiracy by its very nature is a secretive operation, and it is a rare case where all aspects of a conspiracy can be laid bare in court with the precision of a surgeon's scalpel.'" United States v. Jackson, 335 F.3d 170, 180 (2d Cir. 2003) (quoting United States v. Pitre, 960 F.2d 1112, 1121 (2d Cir. 1992)). Balboa concedes that, because he did not raise this argument below, we review his challenge for plain error, which requires that there be error, the error be plain, the error prejudicially affect Balboa's substantial rights, and the error seriously affect the fairness, integrity, or public reputation of judicial proceedings. See United States v. Thomas, 274 F.3d 655, 667 (2d Cir. 2001).

"[T]he conspiratorial agreement itself may be established by proof of a tacit understanding among the participants, rather than by proof of an explicit agreement . . . ." United States v. Desimone, 119 F.3d 217, 223 (2d Cir. 1997). Drawing all reasonable inferences in favor of the government, no plain error was committed as the evidence adduced at trial was sufficient to show that DeCharsonville

2

and Pratt had such a tacit understanding with Balboa and engaged in "purposeful behavior aimed at furthering the goals of the conspiracy."  Id.

**2.**  Balboa challenges the loss determination, which was based on the total sum of money that victims of Balboa's scheme were fraudulently induced to invest in the Hedge Fund.  "We review the district court's factual findings with respect to the loss amount . . . for clear error and its conclusions of law *de novo*."  United States v. Desnoyers, 708 F.3d 378, 385 (2d Cir. 2013).  And the Sentencing Guidelines "do not require that the sentencing court calculate the amount of loss with certainty or precision."  United States v. Bryant, 128 F.3d 74, 75 (2d Cir. 1997).

Balboa argues that the global economic downturn, rather than his fraudulent scheme, was the ultimate cause of the victims' loss and therefore, the actual loss attributable to the fraud was $0.  Balboa's argument is foreclosed by United States v. Hsu, 669 F.3d 112, 121 (2d Cir. 2012), which held that "[t]he guidelines provide that when an investor puts money into a fraudster's hands, and ultimately receives nothing of value in return, his loss is measured by the amount of principal invested . . . ."  See also United States v. Stitsky, 536 F. App'x 98, 112 (2d Cir. 2013) ("[T]he district court reasonably determined that no offset was warranted for losses resulting from changed economic circumstances because . . . investors would not have been exposed to such risks had defendants not fraudulently induced them to invest in the first instance.").

**3.**  Balboa's supplemental brief challenges the forfeiture calculation.  "When a forfeiture award is challenged on appeal, this Court reviews the district court's legal conclusions *de novo* and its factual findings for clear error."  United States v. Treacy, 639 F.3d 32, 47 (2d Cir. 2011).  On this record, no clear error appears in the district court's forfeiture determination.

For the foregoing reasons, and finding no merit in Balboa's other arguments, we hereby **AFFIRM** the judgment of the district court.

                                        FOR THE COURT:
                                        CATHERINE O'HAGAN WOLFE, CLERK