18-491-cr
*United States v. Saunders*

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

# SUMMARY ORDER

Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this Court's Local Rule 32.1.1. When citing a summary order in a document filed with this Court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the eighth day of July, two thousand twenty-one.

PRESENT[*]:  JOSÉ A. CABRANES,
 REENA RAGGI,
  *Circuit Judges.*

UNITED STATES OF AMERICA,

 *Appellee,*      18-491-cr

 v.

MALIK SAUNDERS, also known as Dog, also known as Malek Saunders, also known as Malek Sanders, also known as Malik Sanders,

 *Defendant-Appellant,*

DEAN JONES, also known as Korrupt, MAXWELL SUERO, also known as Polo, TROY WILLIAMS, also known as Light, also known as Timothy Williams, RALPH HOOPER, also known as Rizzo, also known as Riz, DEQUAN PARKER, also known as Sin, also known as Sincere, RICHARD GRAHAM, also known as Porter, KAHEIM

---

[*] Circuit Judge Ralph K. Winter died before the filing of this summary order; the appeal is being decided by the remaining members of the panel, who are in agreement. *See* 2d Cir. IOP E(b).

1

ALLUMS, also known as Os, also known as
"O," DARNELL FRAZIER, YONELL ALLUMS, also
known as Unk,

                                        *Defendants.*

_____

FOR APPELLEE:                                   Thomas McKay, Karl N. Metzner, Won S.
                                                Shin, Assistant United States Attorneys,
                                                for Audrey Strauss, United States
                                                Attorney for the Southern District of New
                                                York, New York, NY.

FOR DEFENDANT-APPELLANT:                         Lucas Anderson, Rothman, Schneider,
                                                Soloway & Stern, LLP, New York, NY.

Appeal from a February 16, 2018 judgment of conviction and sentence of the United States District Court for the Southern District of New York (Vernon S. Broderick, *Judge*).

**UPON DUE CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the District Court be and hereby is **AFFIRMED**.

Defendant-Appellant Malik Saunders appeals a judgment of the District Court sentencing him principally to 228 months of imprisonment and five years of supervised release following his guilty plea to one count of conspiracy to distribute and possess with the intent to distribute controlled substances, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A) and 846, and one count of using, carrying and possessing a firearm during and relation to a drug trafficking crime, in violation of 18 U.S.C. § 924 (c)(1)(A)(i). Saunders contends that, in determining his sentence, the District Court (1) erroneously classified him as a "career offender" under the advisory United States Sentencing Guidelines ("U.S.S.G." or "Guidelines") based in part on his prior conviction for second-degree assault under New York Penal Law ("NYPL") § 120.05(1); (2) abused its discretion in denying his request for a hearing on disputed issues regarding his role in the drug conspiracy and the quantity of drugs involved; and (3) violated his rights under the Fifth and Sixth Amendments of the United States Constitution by applying an enhanced Guidelines sentencing range based on alleged facts neither admitted by Saunders nor found by a jury. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

The District Court found that "career offender" offense level enhancements applied under the Guidelines because Saunders had "at least two prior felony convictions of either a crime of

2

violence or a controlled substance offense"[1]—*i.e.*, a "controlled substances" conviction for conspiracy to distribute crack cocaine and a "crime of violence" conviction for second degree assault under NYPL § 120.05(1). Saunders contends on appeal that his conviction under NYPL § 120.05(1) does not qualify as a "crime of violence" because it does not satisfy U.S.S.G. § 4B1.2(a)(1) (the "Force Clause"). The Force Clause defines a "crime of violence" to include any offense which "has an element the use, attempted use, or threatened use of physical force against the person of another."[2] Saunders argues that NYPL § 120.05(1) may be violated by omission, and therefore does not categorically require the use or threatened use of physical force. Our recent decision in *United States v. Brown*[3] forecloses Saunders's argument. In *Brown*, we rejected an interpretation of the Force Clause substantially identical to the one proposed by Saunders and squarely held that "NYPL § 120.05(1) is a 'crime of violence' under the force clause of U.S.S.G. § 4B1.2(a)(1)."[4] We conclude, therefore, that the District Court correctly determined that Saunders was a "career offender" under the Guidelines.

We need not evaluate the District Court's decision not to hold a hearing because we agree with the government that any arguable error was harmless. Because Saunders was a career offender convicted of a crime with a statutory maximum of life in prison, his Guidelines offense level, after application of a three-level reduction for acceptance of responsibility granted by the District Court, was a minimum of 34,[5] *i.e.*, the offense level the District Court in fact calculated. Therefore, as the government notes, the District Court declined to hold a hearing on sentencing enhancements that ultimately "did not affect the Guidelines range or the sentence imposed."[6]

Finally, we conclude that the District Court did not violate Saunders's constitutional rights by considering facts neither admitted by him nor found by a jury. Saunders's argument to the contrary rests principally on the Supreme Court's holding in *Apprendi v. New Jersey*[7] that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed

---

[1] U.S.S.G. § 4B1.1(a).

[2] U.S.S.G. § 4B1.2(a)(1).

[3] ---F.4th---, No. 18-2063-CR, 2021 WL 2583444 (2d Cir. June 24, 2021).

[4] *Id.*, at *2.

[5] *See* U.S.S.G. § 4B1.1(b)(1). On appeal, Saunders does not argue that the District Court should have granted him any additional reductions.

[6] Appellee's Br. at 19.

[7] 530 U.S. 466 (2013)

statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt."[8] It is undisputed that the District Court did not rely on the facts at issue to increase Saunders's sentence beyond any otherwise applicable statutory maximum (or to raise any otherwise applicable statutory minimum).[9] Rather, the District Court relied on the disputed facts to compute Saunders's sentencing range under the Guidelines, which are *advisory*[10] and therefore do not legally mandate the imposition of a sentence within any particular range. It is true, as Saunders emphasizes, that the Guidelines provide helpful benchmarks in determining the reasonableness of sentences, but we are unpersuaded by Saunders's suggestion that this function of the Guidelines undermines the sentencing judge's traditional "authority to find facts relevant to sentencing by a preponderance of the evidence."[11]

## CONCLUSION

We have considered all of Saunders's arguments on appeal and consider them to be without merit. For the foregoing reasons, we **AFFIRM** the February 16, 2018 judgment of conviction and sentence of the District Court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

---

[8] *Id.* at 490.

[9] *See Alleyne v. United States*, 570 U.S. 99, 103 (2013) (holding *Apprendi* standard of proof applies to facts that increase mandatory minimum sentence); *United States v. Thomas*, 274 F.3d 655, 664 (2d Cir. 2001) (en banc) (holding "*Apprendi* does not apply where the sentence imposed is not greater than the prescribed statutory maximum for the offense of conviction").

[10] *See, e.g., United States v. Boooker*, 543 U.S. 220, 245 (2005) (holding Guidelines advisory).

[11] *United States v. Garcia*, 413 F. 3d 201, 220 n.15 (2d Cir. 2005).

4